## BURTON v. COOLEY.

On motion to set aside a default judgment on the ground that a summons had not been served, the officer's sworn return of service of summons made a few days after the service, and when he had no motive to misstate the facts, must be regarded as true, when contradicted by the affidavits of the judgment defendant and his wife.

Rev. Code Civ. Proc. § 237, authorizes a default judgment on filing proof of service of summons and of failure to answer. Section 309 provides that judgment on failure to answer may be entered by the clerk on the order of the court. Section 316 provides that a judgment becomes effective when rendered by the court, attested by the clerk, and filed. An order for a default judgment, dated before the filing

of the proof of service of summons and of failure to answer, was not filed until after such proof had been filed. The recitals in the orde" showed that, when it was signed, the court had before it an affidavit of service of summons and of failure to answer. There was a delay of about a year and a half in the filing of the order for judgment. **Held** that, since the delay in filing the judgment and proof of service of summons and of failure to answer was not prejudicial to defendant, the failure to file the proof at the time the order for judgment was signed, was at most, a mere irregularity not affecting the substantial rights of defendant.

A party appealing to the court for relief from a default judgment, as authorized by Rev. Code Civ. Proc. § 151, authorizing the court in its discretion to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, must satisfy the court that his failure to answer the complaint was the result of mistake, inadvertence, surprise, or excusable neglect.

(Opinion filed, December 16, 1908.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Mrs. A. H. Burton against J. A. Cooley and another. From an order denying the motion of defendant, J. A. Cooley, to vacate a default judgment against him, he appeals. Affirmed.

*Robertson & Dougherty* and *Bailey & Voorhees,* for appellant. *G. R. Krause* and *Aikens & Judge,* for respondent.

CORSON, J. This is an appeal from an order made by the circuit court denying appellant's motion to vacate and set aside a judgment rendered in an action in which he was one of the defendants and denying him permission to file an answer therein. It is disclosed by the record that on the 31st day of December, 1901, respondent took a default judgment against the appellant in the circuit court of Minnehaha county for the sum of $898.50, including costs, which judgment was not filed for record until the 30th day of July, 1903; that on the 14th day of November, 1906, appellant procured from said court an order to show cause why said judgment should not be vacated and set aside, and why he should not be permitted to answer the complaint in said action; that on the 2d day of January, 1908, the circuit court entered an order denying said motion on the ground that the application of the appellant was "not sufficiently sustained by proof to warrant the court in

setting aside the judgment and giving said defendant leave to answer," from which order this appeal is taken.

The order to show cause, which was in effect a motion to vacate and set aside the judgment, was based upon the ground that the summons in the action was never served upon the appellant, and that the judgment therefore was null and void. The order to show cause was accompanied by the affidavits of the appellant and his wife, in which the appellant states that the summons was never served upon him, and that he had no notice of the action; that the first notice he had of said judgment was in the summer of 1906, when in a conversation with Mr. Dougherty, of the firm of Robertson & Dougherty, he was informed by him that such a judgment had been entered. Mrs. Cooley in her affidavit states, in substance, that some time in October, 1901, a copy of the summons was handed to her by one Gunder Olson, chief of police of the city of Dell Rapids, and she was requested by him to hand the same to her son, Charles L. ICooley, and that, upon her son's return home from town during the day, she handed him this copy, and did not inform her husband, the appellant, in regard to the matter. On the hearing of the order to show cause, the sworn return of Gunder Olson made on the 25th day of October, 1901, was introduced in evidence, in which he states, in substance, that on the 12th day of October, 1901, he served the summons in this action on J. A. Cooley personally by then and there leaving in the presence of and delivering to and leaving with Mary Cooley, the said defendant's wife, a member of his family, at the defendant's, J. A. Cooley's, dwelling house, a true and correct copy of the within, and that he then and there made said service in the manner aforesaid, because on that day he looked and inquired for the said defendant and could not find him, and that defendant's said wife then and there told affiant that said defendant was on that day out of town. Said Olson also made an affidavit used on the hearing, in which he says, in substance, that he has a clear and distinct recollection of making service in the two actions of Burton against Charles L. Cooley and J. A. Cooley and Whitcher against Charles L. Cooley and J. A. Cooley and of the circumstances thereof; that in the forenoon of October 12, 1901, G. R. Krause, Esq. the attorney for the plaintiffs in the two

actions, called affiant into his office in the city of Dell Rapids, and handed to affiant a copy of each of the summonses in the two above-entitled actions, and directed him to serve the same on Charles L. Cooley, who was then standing on the sidewalk near the office of said Krause; that affiant took said copies, and handed them to said Charles L. Cooley, and went back to the office of said Krause, who then handed him the summonses in the above-entitled actions and a copy of each, and directed affiant to serve the same upon J. A. Cooley; and that affiant thereafter, on the same day, went to the home of said Cooley, and there served the same by delivering the copies to the wife of the said Cooley, informing her that they were summonses in the cases of Mrs. Burton and D. J. Whitcher both against her son Charlie and her husband, and that he had served her son down town that morning. Said Olson then details certain conversation that he had with Mrs. Cooley not material for the purposes of this decision. In regard to the service of the copies of the summonses upon Charles L. Cooley on the street near the office of Mr. Krause, Mr. Olson is fully corroborated by the affidavits of Mr. Krause, who states he saw the service made upon Chas. L. Cooley as stated by Mr. Olson.

Mr. Krause in his affidavit further states that he had sev-eral conversations with the appellant during the time intervening between the date of the judgment in 1901 and the year 1906 with reference to this judgment against him, and that said appellant promised to pay the same from time to time, and that he wrote to the appellant letters, requesting him to settle this judgment, at various times. These conversations referred to by Mr. Krause were denied by the appellant in his affidavit read on the hearing. In these statements Mr. Krause is corroborated by carbon copies of two or more letters written by him made a part of his affidavits in which he speaks of the judgment. Mr. Krause in his affidavit details very fully the various steps taken by him in the proceedings, conversations he had with the appellant, the reasons for his delay in filing the judgment, and the delay in bringing on the hearing of the arguments on the order to show cause, but, in the view we take of the case, it will not be necessary to further refer to this affidavit.

The statements of Olson as to the service of the summonses

upon Charles L. Cooley on the street is, as we have seen, fully cor-
roborated by Mr. Krause, and it is hardly probable that, after serv-
ing Charles L. Cooley upon the street, that he would the same day
attempt to serve him again by leaving a copy of the summonses for
him at the residence of his father and mother, who, as appears,
was temporarily visiting his parents; he being at that time and
for several years prior thereto had been a resident of St. Louis, in
the state of Missouri. An explanation of the statements of Mrs.
Cooley may be that she misunderstood the statements of Mr. Olson,
or that after the many years intervening between the time of the
service in October, 1901, and the making of her affidavit in 1906,
she was unable to distinctly remember all of the circumstances at-
tending the transaction; while, as we have seen, the affidavit of
Olson as to the manner the. service was made by him on October
25, 1901, only 13 days after the alleged service, and that he, being
an officer of some prominence (having been, as it appears, chief of
police of the city of Dell Rapids for a number of years), would be
more likely to remember the circumstances attending the service
of the summons than Mrs. Cooley, who probably attached but little
importance to the matter at the. time. The return of Mr. Olson
made on October 25, 1901, when he could have had no motive to
misstate the facts, must in our opinion be regarded as true, as any
other theory would necessarily impute to him willful and corrupt
perjury, as he could not in the short time intervening between the
time of the service and the date of his return have forgotten the
manner of the service.

The case of Matchett v. Liebig, 20 S. D. 169, 105 N. W. 171,
was quite analogous in its facts to the case at bar, and, in that case
this court held that the circuit court committed error in setting
aside and vacating the judgment. In its opinion this court say:
"It would be a very dangerous rule to establish that a defendant,
after a default judgment had been entered against him, might, upon
the affidavit of himself or his wife, denying the service as claimed
to have been made, have the same vacated and set aside, where the
proof of service is as full and complete as that in the case before us.
* * * Upon grounds of public policy, therefore, the return of the
officer, though not regarded as conclusive, should be strong evidence

of the facts as to which the law requires him to certify, and should ordinarily be upheld, unless opposed by clear and satisfactory proof. It is further contended by the appellant that assuming that the summons was properly served, and the court had jurisdiction of the person and of the subject-matter, still the judgment was void for the reason that at the time it was rendered no proof of personal service of summons, nor proof that no answer had been received had been filed as provided by section 237 of the Revised Code of Civil Procedure, which so far as applicable to this case reads as follows: "In an action arising on contract for the recovery of money only the plaintiff may file with the clerk proof of personal service of the summons, * * * and that no answer has been received. The court shall thereupon enter judgment for the amount mentioned in the summons against the defendant or defendants. * * *" It appears from the record in this case that the order for judgment was dated December 31, 1901, but neither the summons nor the proof of service thereof nor proof that no answer had been served were filed until July, 1903. But notwithstanding the order for judgment was made in December, 1901, and not filed until 1903, at the time it was filed the proof of the service of the summons and that no answer had been received were also filed by the clerk. By section 309, Rev. Code Civ. Proc., it is provided: "Judgment upon an issue of law, or fact, or upon confession, or upon failure to answer, may be entered by the clerk upon the order of the court or the judge thereof." It will be observed that, by section 237, proof of service of the summons and proof that no answer had been received shall be filed with the clerk; and it will be further observed that by section 309 the judgment in case of default may be entered by the clerk. The order for the judgment, therefore, though dated in December, 1901, did not become effective, as a judgment until it was filed by the clerk (section 316, Rev. Code Civ. Proc.), and, when filed by the clerk, the proper proofs required to be filed with him were filed at the time of the entry, and this would seem to be sufficient compliance with the provisions of the Code. The delay in filing the judgment and proofs was not prejudicial to the defendant, and did not affect the validity of the judgment when filed by the clerk. It is quite clear from the recitals in the order

for judgment that, at the time the same was signed, the court had before it the proper affidavit of service of summons. and of the failure to answer on the part of the appellant Cooley. The failure, therefore, to file the proofs of service of the summons and the defendant's failure to answer at the time the order for judgment was signed, would constitute, at most, a mere irregularity which did not affect the substantial rights of the defendant.

It is further contended by the appellant that, notwithstanding the claim made by him that the court was without jurisdiction to enter the judgment for the reason that he had not been served with process in the action, his affidavits show a case for the exercise of the court's judicial discretion for vacating and setting aside the judgment and permitting him to file an answer therein, and that the court erred in not granting him such relief. But this contention of the appellant is not entirely consistent with the theory that the judgment was null and void for the reason that process was never served upon him. Assuming, however, that a party might appeal to the court for relief under the provisions of section 151 of the Code of Civil Procedure notwithstanding his claim that the judgment was void as to him, still the party must satisfy the court that his failure to answer the complaint is the result of mistake, inadvertence, surprise, or excusable neglect. The appellant in this case fails to show such mistake, inadvertence, surprise, or excusable neglect as would entitle him to the exercise of the judicial discretion of the court in his favor. In the view we take of the case, therefore, it will not be necessary to review the evidence on the part of the appellant or to discuss it more fully in this opinion.

We are clearly of the opinion that the court committed no error in denying the motion, and the order of the circuit court is therefore affirmed.