STATE, Respondent, v. NIEUWENHUIS et al, Appellants.

(178 N. W. 976.)

(File No. 4639.   Opinion filed July 27, 1920.)

1. **Wills—Probate, Jurisdiction in County Court—Contest, Rights Involved In.**

    Jurisdiction and authority to admit wills to probate is exclusively in county court; and a will contest pertains to and contests legal right to probate same.

2. **Escheats—Power to Declare, Vested in Circuit Court—Statute.**

    The power to declare escheats is exclusively in circuit court under Sections 3049-3059, Rev. Codes 1919.

3. **Wills—Proceedings in Probate as Actions in Rem—Status Determined by—Judgments Admitting to Probate, Conclusive On Whom.**

    Proceedings concerning probate of wills are in nature of actions in rem, and determine status of the subject-matter—the will.   Judgments admitting wills to probate are in nature of judgments in rem, and while in force are conclusive, as to due execution and validity of the will, upon all persons, courts, and upon the "whole world."

4. **Escheats—Statutory Actions Re, Decree Re Probate Admissible as Evidence In—Conclusiveness of Decree—Fraud, Mistake, as Grounds of Attack of Decree by State.**

    In an action by state ,in circuit court, under Secs. 3049-3059, Rev. Code 1919, to declare an escheat of property, devisees under a will may offer in evidence the county court decree admitting will to probate; the decree being conclusive on circuit court and against state.   The state, in such action, could not attack the decree except on ground of extrinsic fraud or mistake.

5. **Escheats—State as Party In Interest, Source, Extent, Of—Interest of State, Analogous to Heir's—Statute.**

    The state is a party in interest within Sec. 3231, Rev. Code 1919, which provides that where a will has been admitted to probate, any person interested therein may contest same or its validity; which substantive interest arises under Sec. 718, said Code.   If decedent never made a will, the state is interested in his estate to extent of full ownership; and although it would not take as an heir, or under law of succession, but, if at all, only under the statute (Sec. 718,) yet the interest the state might acquire is equivalent and analogous to that which an heir might have for purposes of contesting probate and validity of will.

6. **Wills—Decree Probating, If Conclusive Against Heir, Whether So Against State.**

If a decree admitting will to probate would be conclusive against an heir, it would be conclusive also against the state, in an action to declare an escheat.

7. **Wills—Accidental Destruction Of After Decedent's Death, Copy Probated—State's Action Re Escheat, Heirs Resisting, State, Whether Party Contestant.**

Where an alleged copy of an alleged will accidentally lost after decedent's death, was admitted to probate in county court, and the state, claiming the estate as an escheat, contests the will, held, the state was a proper party contestant of the will.

8. **Evidence—Probate of Will—Prior and Subsequent Declarations of Decedent That Will Had Been, Would Be, Made, Relevancy, Competency—Rule Stated.**

Declarations of a decedent to third parties, that he had made a will in favor of the devisees, and to others, after date of alleged will, that he intended making one in their favor, are competent evidence to prove existence and contents of a will, when offered in corroboration of other evidence; the rule being, that where issue is whether it was executed, or whether revoked, or whether it was to have a certain tenor, the plan or prior intention of testator is as relevant to show doing or not doing of the alleged act, as of any other act.

9. **Evidence—Prior and After Declarations of Decedent, Re Existence, Genuineness, Relevancy, Competency.**

Where existence and genuineness of a will are in issue, prior and after declarations of decedent are relevant and admissible, not as evidence to prove execution of, but for purpose of corroborating testimony of others who have testified to its execution. So held, where previous direct proof of its execution had been received. And where state as contestant (claiming an escheat) alleged that copy of will in question was fraudulently made, this was a contest of its genuineness.

10. **Wills—Proponents of Destroyed Will, Status of Lost Will—Classes of Lost, Destroyed, Wills, Defined—Purpose of Destruction of Will, Presumption Re.**

Where proponents of a will claim the original was destroyed after decedent's death and prior to probate, this places its situation on footing and principle of a lost will. There are two classes of lost or destroyed wills; (1) where it remained in decedent's possession prior to his death and was lost or destroyed while in his possession; (2) where it was lost or destroyed after his death, or was left in a third party's possession with no opportunity of destruction by decedent. Under the

first class the presumption is that decedent destroyed it himself for purpose and with intent of revoking will he had made. In the second class, lost or destroyed wills stand on same footing, and the rule as to admissibility of decedent's declarations of having made or intending to make a will, apply alike to each.

11   Evidence—Probate of Will—Declarations of Decedent Re Making of Will, Testimony of Interested Party Re, Question of Credibility, Not Admissibility—Prejudicial Error.

That some of witnesses by whom declarations of decedent concerning his having made and of his intention to make, a will, were sought to be proven, were einterested parties, goes to credibility, not to admissibility, of the testimony. **Held,** further, that rejection of such testimony in a will contest, where the only objection was that of hearsay, irrelevancy and incompetency, was prejudicial error.

Whiting and Gates, J. J., dissenting.

Appeal from Circuit Court, Charles Mix County.   Hon. Robert B. Tripp, Judge.

In re the probate of the alleged will of Henry P. Tjarks, deceased, as a lost will.   After the county court had admitted the will to probate, the State of South Dakota, claiming the estate as an escheat, contested said will, said court adjudging in favor of contestant; from which judgment proponents appealed to circuit court, where the judgment of the county court was affirmed; from which latter judgment proponents' appeal.   Reversed, and cause remanded for new trial.

*A. B. Beck, G. M. Caster,* and *P. A. Hosford,* for Appellants.

*Byron S. Payne,* Attorney General, *E. R. Winans,* Assistant Attorney General, and *R. E. Willy,* State's Attorney, for Respondents.

(2)   To point two of the opinion, Appellants cited: State v. Lancaster, 14 A. & E. A. C. 959, and cases in note.

(3)   To point three, Respondent cited: Schultz v. Schultz, 60 Am. Dec. 335, (case note, page 353); 21 L. R. A. 680; Gordon v. Spellman, Ann. Cas. 1918A, 852; Sec. 3049, Rev. Code 1919.

(5)   To point five, Appellants cited: In re McClellan, (S. D.) 129 N. W. 837; Thompson on Wills, Secs. 158, 51; In re Hickman, 101 Cal. 609, 36 Pac. 118; In re Leslie, 92 Misc. 663, 156 N. Y. Supp. 346, 175 App. Div. 108, 165 N. Y. Supp. 790.

Respondent cited: Words and Phrases, Vol. 6, p. 5333;

Sec. 18 R. C.; Grant v. Bartholomew, 78 N. W. 314; Lyman County v. State, 9 S. D. 413; Note in L. R. A. 1918 A, 447; State v. Lancaster, 14 Ann. Cas. 953.

(8) To point eight, Appellant cited: Clark v. Turner, (Neb.) 38 L. R. A. 433; 40 Cyc. 134, Sub. paragraph V.; Underhill on Wills, Section 277; In re Page, 118 Ill. 576, 59 Am. Rep. 195.

Respondent cited: Ekern et al v. Erickson et al, 157 N. W. 1062; In Re Shapter, 6 L. R. A. (N. S.) 575; Thockmorton v. Holt, 180 U. S. 552; Note 107 Am. St. Rep. 462, and citations.

McCOY, P. J. On January 9, 1916, one Henry P. Tjarks, then a resident of Charles Mix county, died, without heirs, leaving an estate consisting of real and personal property situated in said county. On the 30th day of September, 1916, petition for probate of an alleged will of said deceased was filed in the county court, alleging, among other things, that the original will had been accidentally destroyed, but that an exact copy thereof was annexed to said petition. The persons named as devisees in said alleged will are nieces and nephews of the deceased wife of said alleged decedent, who died some years prior to his death. On the 10th day of November, 1916, the county court entered an order adjudging and decreeing that the will mentioned and referred to in said petition was the last will and testament of said Henry P. Tjarks, deceased; that the same was duly executed as required by law; that said will was thereby allowed and admitted to probate; and that letters testamentary, with the will annexed, be issued to Albert Nieuwenhuis. On the 12th day of November, 1917, the said county court made and entered an order permitting the state of South Dakota to contest said will, and thereupon a contest petition was made and filed in said county court, alleging as grounds for said contest that said Tjarks died intestate, leaving an estate and leaving no issue, heir or heirs, surviving him to inherit said estate, and that said alleged copy of will was not a copy of any will made by said Tjarks, but that the same was falsely and fraudulently manufactured and presented with intent and purpose of deceiving the court and defrauding the persons lawfully entitled to succeed to said estate. Said contest came on for hearing in the county court, and a judgment rendered sustaining said contest, from which judgment the proponents of the

will appealed to the circuit court, where the judgment of the county court, upon a trial of the issues, was affirmed. Both in the county and circuit courts, by motion and demurrer, the proponents made objection to the jurisdiction of said courts to hear and determine said contest on the ground that the state of South Dakota, contestant therein, was not a party in interest authorized by law to bring and maintain said contest. The rulings of the circuit court in overruling said motion and demurrer are assigned as error.

[7] Appellants contend that the admission of a will to probate in no way affects the rights of the state, that the remedy of the state to protect its rights in such cases, if any it has, is to proceed, under the provisions of section 3049-3059, inclusive, Rev. Code 1919, in the circuit court, and not by way of contest in the county court. The jurisdiction and authority to admit wills to probate is exclusively in the county court. A will contest pertains to and contests the legal right to probate the same. The power to declare escheats is exclusively in the circuit court under said sections 3049-3059. Proceedings in respect to the probate of wills are in the nature of actions in rem, and determine the status of the subject-matter, the will. Judgments admitting wills to probate are in the nature of judgments in rem, and while in force are conclusive, as to the due execution and validity of the will, upon all persons, upon all courts, and upon the "whole world." Schultz v. Schultz, 10 Grat. (Va.) 358, 60 Am. Dec. 335, and note. Section 3237, Rev. Code 1919. In any action in the circuit court, under sections 3049-3059, by the state to declare an escheat of said property, the devisees under the will might offer in evidence the decree of the county court admitting such will to probate, and which decree would be conclusive upon the circuit court and against the state in such action. The state in such action to declare an escheat could not attack the decree admitting the will to probate, except on the ground of extrinsic fraud or mistake. We are of the view that the state is a party in interest within the meaning of section 3231, Rev. Code 1919, which provides that where a will has been admitted to probate, any person interested therein may, at any time within one year after such probate, contest the same or the validity of the will. Section 718, Rev. Code 1919, gave the state its substantive

interest.  If Tjarks died intestate, never in fact having made a will, the state of South Dakota is interested in the said estate to the extent of full ownership therein.  Although the state would not take such estate as an heir, or under the law of succession, but would take the same, if at all, under the statute, said section 718, in relation to escheats, still the interest which the state might so acquire would be equivalent and analogous to the interest which an heir might have for the purposes of contesting the probate and validity of a will.  If a decree admitting a will to probate would be conclusive as against an heir, there is no apparent reason why the state with an equal interest would not likewise be concluded.  Under these conditions of the law and the peculiar circumstances of this case, we are of the opinion that the state was a proper party contestant of said will.

[8]  The will in question is alleged to have been executed on the 23d day of October, 1915.  Appellants on the trial in the circuit court, after having submitted the evidence of two subscribing witnesses, offered to prove by two other witnesses that in November, 1915, they had a conversation with said Tjarks, in which he stated to them that he had made a will favor of said devisees named in said alleged will.  Appellants also offered to prove that on different occasions prior to the alleged execution of will said Tjarks in conversation stated to witnesses produced on the trial that he intended to make a will in favor of the said devisees.  To all of these offers the respondent interposed the objections that the same were hearsay, irrelevant, and incompetent.  The ruling of the court in sustaining said objections is now assigned as error.  We are of the opinion that such evidence was admissible and that its rejection constitutes prejudicial error.  1 Wigmore's Ev. § 112, states the rule as follows:

"Where the issue is whether a will was executed, or whether a will was revoked, or whether a will was to have a certain tenor or provision (as where an alteration is at issue) the plan or design or prior intention of the testator is as relevant to show the doing or not doing of this alleged act as of any other act. The argument is 'Because he planned to make a will, or planned to revoke a will, or planned to will property to A., therefore he probably carried out this plan.'  The relevancy of such plan is well established."

In 40 Cyc. 1314, the rule is stated as follows:

"The declarations of a testator, made after the execution of his will, are admissible to prove the existence and contents of *a* lost will. While this is true, such declarations are not of themselves sufficient to prove the execution and contents of a will, but are received only in corroboration of other evidence."

Many other authorities are to the same effect. Clark v. Turner, 50 Neb. 290, 69 N. W. 843, 38 L. R. A. 433; Jarman on Wills, p. 152; Schouler on Wills, § 403. In re Page, 118 Ill. 576, 8 N. E. 852, 59 Am. Rep. 395; Ewing v. McIntyre, 141 Mich. 506, 104 N. W. 787.; In re Shelton, 143 N. C. 218, 55 S. E. 705, 10 Ann. Cas. 531, and note; Miller's Will, 49 Or. 452, 90 Pac. 1002, 124 Am. St. Rep. 1051, 14 Ann. Cas. 277, and note. Also see note to Clark v. Turner, supra; Johnson v. Brown, 51 Tex. 80; Hoppe v. Byers, 60 Md. 393; note, 84 Am. Dec. 628; note, 107 Am. St. 459; note, 110 Am. St. 447.

[9-11] The allegations of the contest petition directly put in issue the existence and genuineness of the alleged will, under which the appellants claim. Where the existence and genuineness of a will are in issue, the prior and after declarations of the alleged decedent are relevant and admissible, not as evidence for the purpose of proving the execution of the will, but for the purpose of corroborating the testimony of others who have testified to its execution. There is a vast distinction, which must be kept in mind in this case, between declarations of a decedent, offered to prove the execution of a lost or destroyed will, and declarations offered to corroborate other evidence of execution. There is much diversity of judicial opinion as to the admissibility of such declarations when offered to prove the execution of the will, many courts being of the view that it is a dangerous precedent to admit such declarations in evidence for the purpose of proving the execution of the will; but there appears to be little, if any, diversity of opinion as to the admissibility of such declarations when offered to corroborate other direct proof of execution. In this case other direct proof of execution was offered and received in evidence. The contestant state alleged there never was such a will—that the copy of will sought to be probated is a fabrication, and was fraudulently manufactured. This is a contesting of the genuineness of the alleged will. The relevancy of evi-

dence is determined by the issue. In this case the proponents of the will claim that the original will was accidentally destroyed after the death of the decedent and prior to probate, thus placing the situation of the will in question, for all intents and purposes, exactly upon the footing and principle of a lost will. There are two classes of lost or destroyed wills; one class where the will remained in the possession of the decedent prior to his death, and was lost or destroyed while in his possession. The second class includes those wills lost or destroyed after his death, or where the will was in the possession of a third party with no opportunity of destruction by the deceased. Under the first class there is a presumption that the deceased destroyed the will himself for the purpose and intent of revoking the will he had theretofore made. With this situation we have nothing to do in this case. It is only with the latter class of lost or destroyed wills that we are concerned. In the latter class lost and destroyed wills stand on exactly the same footing, and the rule as to the admissibility of declarations of the deceased apply alike to each. On the part of proponents, this is a case of proving a will alleged to have at one time existed. The fact that some of the witnesses by whom the declarations of decedent were proposed to be proven were interested parties goes to the question of the credibility of the witnesses, and not to the admissibility of the evidence. No objection was made to the prior declarations on the ground that they were remote. The only objection made was the general objection of hearsay, irrelevancy, and incompetency. We are therefore of the view that appellants were deprived of a fair and impartial trial by reason of the exclusion of the offered evidence in relation to said declarations. We are of the opinion that such evidence was relevant and competent for the purposes of corroboration under the issues in this case and should have been admitted.

The judgment and order appealed from are reversed, and the cause remanded for new trial.

WHITING, J. (dissenting.) The trial court did not err in excluding the testimony referred to in the majority opinion. Whenever the court could rightfully exclude testimony if the same had been properly objected to, its action in excluding same

is not error, even though the objections interposed might have been ignored because not as specific as good practice required.

The appellant assigns error in the admission of the testimony of but two witnesses, the defendant Albert Nieuwenhuis, and one Schmidt.

The testimony of the first was rightfully excluded because the witness was the duly appointed administrator of the estate and made a party defendant as such administrator. Section 2717, Rev. Code 1919. Moreover, the offer of proof was as follows:

"The proponent of the will now offers to prove by the witness Albert Nieuwenhuis that in the month of November, 1915, and after the execution of the will involved in this proceeding, * * * said witness had a conversation with the deceased * * * wherein the said witness stated to the deceased, in substance, that he desired to borrow a little money from him to buy a farm, and if the deceased did not want to loan the money that he, the said deceased, should buy the farm, and should not thereafter live alone, but should come and live with the witness and his family, and they would take care of him the rest of his life, if he would make provision in his will that the said land should go to the wife of the witness; that the said deceased then stated to the witness; that he did not like to do it; that he had a will made already to the Plattje children; and that he wanted to live alone."

The wife of this witness was one of the "Plattje children." Not only would the probative value of this testimony depend upon the credibility of the witness, but upon a determination of why the deceased stated he had made a will, provided the jury found he did so state. Was it because he had in fact made such a will, or did he make such statement in order to get rid of the importunities of the witness? This class of evidence is fully discussed in Wigmore on Evidence. § 1736. Each case must be judged on its own facts. I am of the opinion that the trial court acted correctly in not allowing this testimony to go to the jury—it did not rise to the dignity of proof.

Appellant offered to show by Schmidt that, in conversations which Schmidt had with the deceased some four to six years prior to the date of the alleged will, deceased advised him that he intended to leave his property to his wife's relatives. At best such testimony would but establish the intent of the testator four

to six years before the will was made. Any inference that such intent remained up to date upon which it is claimed the will was executed is too weak to be of any probative force. Hale v. Life Indemnity & Investment Co., 65 Minn. 548, 68 N. W. 182.

GATES, J., concurs in the dissent.