# ILLINOIS TRUST & SAVINGS BANK, Respondent,
## v. TOWN OF ROSCOE, Appellant.
### (194 N. W. 649.)

(File No. 5018.   Opinion filed July 2, 1923.)

1. **Judgment—Collateral Attack—Mandamus—Attack by Defendant in Mandamus to Compel Levy of Tax to Pay Judgment Is Collateral.**

   An application for writ of mandamus to compel the levy of a tax to pay a judgment against a town is a proceeding in scire facias, brought as a civil action under Rev. Code 1919, Sec. 2781, and the attack by defendants therein upon the judgment it seeks to enforce is a collateral attack.

2. **Judgment—Findings—Recital Thirty Days Had Elapsed Since Service Is Not a Finding of Service on Defendant.**

   A recital in a judgment that more than 30 days had elapsed since the service of the summons and complaint falls short of the finding that the summons and complaint were served on defendant.

3. **Judgment—Orders—Entry in Record Held Only Order for Judgment.**

   An entry in the record, ordering that plaintiff recover judgment from defendant in the amount therein stated, was not a judgment, but merely an order for judgment in view of Comp. Laws Dak. 1887, Secs. 5095, 5101-5103.

4. **Judgment—Default—Courts—Court Is Without Judisdiction to order Default Judgment Without Proof of Service on Defendant.**

   Under Comp. Laws Dak. 1887, Sec. 4911, and Sec. 5025, subsec. 1, the court had no jurisdiction to enter an order for default judgment without due proof being first presented to it of the service of the summons and complaint on defendant.

5. **Judgment—Default Judgment—Record Held to Show Affirmatively Service Was Not Made Before Default Judgment Was Rendered.**

   Where an order or a default judgment recited that it appeared from the summons and complaint that more than 30 days had elapsed since the service thereof, but at the time the judgment was ordered no papers had been filed in the court, and the affidavit of service was not made until 14 days after the judgment was ordered, and was not filed until 16 days thereafter, the record shows affirmatively that proof of service had not been made before judgment was ordered, and such affirmative showing cannot be overcome by presumption of regularity to sustain the judgment against the collateral attack.

Appeal from Circuit Court, Edmunds County; HON. J. H. BOTTUM, Judge.

Application by the Illinois Trust & Savings Bank against the Town of Roscoe for a writ of mandamus to compel the levy of the tax to pay a judgment in favor of plaintiff. Judgment for plaintiff, and defendant appeals. Reversed.

*Ed. L. Grantham,* of Aberdeen, for Appellant.

*Danforth & Barron,* and *T. M. Bailey,* all of Sioux Falls, for Respondent.

(3) and (4)   To points three and four of the opinion, Appellant cited: Rev. Code 1919, Secs. 2560, 2561, 2562; Chap. 166, Laws 1901; McTavis v. Great Northern Ry. (N. D.), 79 N. W. 445; Mattice v. Street, 15 S. D. 63, 87 N. W. 522; Locke v. Hubbard, 9 S. D. 364, 69 N. W. 589.

(5)   To point five Respondent cited: Last Chance Mining Company v. Tyler Mining Company, 15 Sup. Ct. Rep. 736; Allison v. Thomas (Cal.), 14 Pac. 309; Call v. Rocky Mountain Bell Telephone Co. (Idaho), 102 Pac. 146; Cunningham v. Spokane Hydraulic Mining Co. (Wash.), 55 Pac. 756; 23 Cyc. 670, Sec. 7; Mattice v. Street, 87 N. W. 522; Newberry v. Dutton, 114 Va. 95, 75 S. E. 785; 7 R. C. L. 1167 (105); 7 R. C. L. 1168 (106).

SHERWOOD, J.   On December 1, 1899, the circuit court of Edmunds county, on default, made and signed the following instrument, omitting the names of parties and venue:

### "Judgment.

"The above entitled action having come on for hearing at chambers in the town of Ipswich, in the county of Edmunds, and state of South Dakota, on the 1st day of December, A. D. 1899, the plaintiff appearing by its attorney, C. H. Barron, and no one appearing for the defendant, and it appearing from the summons and complaint herein that more than thirty days have elapsed since the service of said summons and complaint, and no one appearing for the said defendant, in any manner, and no answer or demurrer having been served, as required by said summons, and the court being fully advised in the premises:

"On motion of C. H. Barron, attorney for the plaintiff, it is ordered that the plaintiff, Illinois Trust & Savings Bank, have

and recover judgment against the defendant, town of Roscoe, for the sum of $734.40, together with its costs and disbursements herein amounting to $7.50, and in the aggregate to the sum of $741.90.

"By the Court:

"Loring E. Gaffy, Judge.

"Ed. J. Engler, Clerk.

"By G. M. Engler, Deputy."

No paper, in this action, was filed until September 29, 1909, nearly 10 years thereafter. Then the summons, complaint, affidavit of service, affidavit of default, and the paper entitled "Judgment," were all filed and entered as a judgment in the office of the clerk of courts of Edmunds county.

No further steps were taken in the case until June, 1921, more than 11 years after the papers were filed, when plaintiff applied for a writ of mandamus to compel the board of trustees of the town of Roscoe to levy a tax to pay this alleged judgment.

Defendant answered in legal effect pleading two defenses:

First, nul tiel record.

Second, this action was based on certain coupons to five bonds given by said town, which bonds since the signing of this judgment had been declared by the United States District Court invalid.

Findings and judgment for plaintiff, and defendant appeals.

[1] This is a proceeding in scire facias brought as a civil action, under our Code, R. C. 1919, § 2781. It is collateral to the judgment; and defendant's attack through it is a collateral attack on the judgment. 15 R. C. L., p. 838, § 311; 23 Cyc., p. 1064, § 2; Howard v. City of Huron, 5 S. D. 539, 59 N. W. 833, 26 L. R. A. 493.

The following facts appear from the face of the record before us:

(A) The instrument plaintiff relies on as a judgment was signed December 1, 1899.

(B) No paper in this case was filed in any court for nearly 10 years.

(C) No act was done showing plaintiff relied on this judgment, or would seek to enforce it, except the filing of the papers

above referred to, for more than 20 years after this judgment or order was signed.

(D) The affidavit of service of summons was not sworn to until December 14, 1899, 14 days after the signing of the paper entitled "Judgment."

(E) The affidavit of default was not sworn to until December 16, 1899, 2 days after the affidavit of service was made out and 16 days after the judgment or order was signed.

(F) The summons and complaint were served by a private person, and in his affidavit of service he did not state he was over 21 years of age at the time of such service.

The only recital concerning service in the instrument relied on by plaintiff as a judgment is, "it appearing from the summons and complaint herein that more than thirty days have elapsed since the service of the said summons and complaint."

It is said in 15 R. C. L., p. 895, § 374:

"While as before seen it is generally held that presumption in favor of judgment of courts of general jurisdiction is conclusive on collateral attack where no want of jurisdiction is apparent of record, yet it is equally well settled that such judgments may be collaterally attacked when want of jurisdiction affirmatively appears from an inspection of the record. Presumptions are indulged in only to supply the absence of evidence, or averments respecting the facts presumed, and cannot be resorted to when it affirmatively appears from the pleadings or evidence, that jurisdiction did not exist. Hence the presumption which the law implies in support of judgments of courts of general jurisdiction arises only with respect to facts concerning which the record is silent. When the record speaks at all it must be understood to speak the truth as to the particular fact of which it speaks, for by the law of its creation, it can tell no lies neither direct nor circumstantial. This is so not only when the record speaks in favor of the jurisdiction, but when it speaks against it. A fact can never be presumed in the face of statements to the contrary in the record, and if the record states what was done it will not be presumed that something different was done. A presumption never arises that a recital of facts in the record is incomplete or incorrect, and when the record states the evidence or makes an averment with reference to a jurisdictional fact, it will be understood to speak

the truth on that point, and it will not be presumed that there was other or different evidence respecting the fact, or that the fact was otherwise than as averred. Were this not so it would never be possible to attack collaterally the judgment of a superior court, although a want of jurisdiction might be apparent upon its face; the answer to the attack would always be that, notwithstanding the evidence or the averment, the necessary facts to support the judgment are presumed. When a presumption is to be drawn from a record, the whole record must be inspected, and a party is entitled to have the whole record, because he has a right to insist that the presumptions applicable to judgments of courts of general jurisdiction shall be applied only when it is ascertained from an inspection of the whole record that it does not affirmatively appear therefrom that the court did not have jurisdiction to render the judgment. Hence it is a rule that the whole of a record must be looked into in determining the question whether or not a want of jurisdiction is apparent upon the face of the record. If the writ, inspected as part of the record to overthrow the adjudication or recital in the judgment of due process, is an irreconcilable contradiction of the recital, the invalidity of the judgment may be declared collaterally; but if the contradiction may be reconciled by a construction of the writ not absolutely at variance with reason and sound policy, a construction by the recital so given cannot be assailed collaterally. A finding of the court that service had been duly made according to the law has been held not to be contradicted by merely showing that a summons which was legally insufficient had in fact been published."

And in section 375:

"Jurisdictional recitals in a judgment that due service of process was made will be controlled by and must yield to the service or return of service as it appears upon the whole record."

[2] Applying these rules to the case before us, it is clear that the recital in the judgment "that more than thirty days have elapsed since the service of said summons and complaint" falls far short of a finding that the summons and complaint were served on defendant, and that more than 30 days had elapsed since such service was made on defendant.

Further, the summons and complaint before us flatly con-

tradict the recital that they show service on defendant or any other person.

And if the summons and complaint showed service when order signed, why did plaintiff, 14 days later, deem it necessary to make and have verified an affidavit of service? And does not this affidavit of service contradict the fact that service or proof of service was made by any other person or in any other manner than set forth by the affidavit of service plaintiff caused to be made and placed in this record?

[3] The purported judgment signed by Judge Gaffy was not a judgment when signed by the court. It was merely an order for a judgment. Compiled Laws 1887, §§ 5095, 5101-5103.

[4] It was an order the court had no jurisdiction to make without due proof being first presented to it of the service of the summons and complaint on defendant, and of defendant's failure to answer the same within 30 days. Compiled Laws 1887, § 4911, and section 5025, subsec. 1; Central Lumber Co. v. Braun, 34 S. D. 395, 148 N. W. 843.

[5] It affirmatively appears from the record that no proof was made either of default or of the service of the summons or complaint, before the purported judgment was signed, and no attempt was made to make proof of either fact until 14 days thereafter.

The purported judgment signed by the circuit court of Edmunds county, S. D., on the 1st day of December, 1899, in the case in which Illinois Trust & Savings Bank, a corporation, was plaintiff, and town of Roscoe, a municipal corporation, of Edmunds county, S. D., was defendant, which judgment was for $741.90, including costs, and was filed in the office of the clerk of courts of Edmunds county aforesaid, on the 29th day of September, 1909, was and is null and void.

This case is clearly to be distinguished from Burton v. Cooley, 22 S. D. 515, 118 N. W. 1028, wherein Judge Corson held the failure to file proof of service and default before the order for judgment was signed, and filing the order for judgment, proof of service, and default together about two years and seven months after order for judgment filed, was a sufficient compliance with the statute, and was not prejudicial to defendant.

In this case the order for judgment was against a municipal corporation. It was held from the records nearly 10 years. The officers of the corporation were, doubtless, entirely changed several times in that period. The men in office when judgment filed may never have even heard of this case.

Can it be doubted that a judgment so taken, held, and filed was highly prejudicial to defendant?

In that case there was no question of the jurisdiction of the court to order the judgment. The affidavit of service was made more than 30 days before the order was signed. The affidavit of default was also made before the order was signed. They were both before the court when the order was signed.

In this case neither the affidavit of service or default were made when the order was signed; therefore neither was before the court. This record discloses when and in what manner the proof of service and default was brought before the court. It therefore excludes the presumption that proof of service or default were made at any other time or in any other manner. And the summons and complaint before the court contradict any claim or proof of service thereon.

It follows that the order for judgment was void; the subsequent entry and docketing of the same as a judgment was void; and the court's findings of fact based thereon were without support.

The clear preponderance of the evidence being against the findings of the lower court, its findings and judgment are reversed.

POLLEY, J. I concur in the conclusion that the judgment entered on the 1st day of December, 1899, was void, and that the judgment appealed from ought to be reversed.

Note.—Reported in 194 N. W. 649. See, Headnote (1), American Key-Numbered Digest, Judgment, Key-No. 519, 23 Cyc. 1065; (2) Judgment, Key-No. 497(1), 23 Cyc. 1084—1924 Ann.; (3) Judgment, Key-No. 22, 23 Cyc. 668; (4) Judgment, Key-No. 124, 23 Cyc. 760; (5) Judgment, Key-No. 497(1), 23 Cyc. 1087.

On expiration of period for revival of dormant judgment as bar to action thereon, see note in L. R. A. 1916E, 738.