SAPP, Appellant v. PROTHEROE et al., Respondents

(85 N.W.2d 505)

(File No. 9647. Opinion filed October 15, 1957)

**Bangs, McCullen & Butler,** Rapid City, for Appellant.

**Bottum & Beal,** Rapid City, for Respondent Bess K. Protheroe, individually and as executrix.

**T. R. Lehnert,** Rapid City, for Respondents Joie Weeks, Robina Townes, Evelyn Protheroe, Stanley Sapp and Harvey Sapp.

HANSON, J. Robert Protheroe died testate. His surviving widow petitioned the Pennington County court

for probate of the will. Due notice of hearing the petition was given to all the heirs, devisees and legatee. On December 27, 1955, the county court entered its order admitting the will to probate. No appeal was taken and no contest proceedings were instituted within the statutory period. On May 28, 1956, a petition was filed in the county court requesting it to vacate its order. The petitioner, Frances G. Sapp, was one of the legatees named in the will and a daughter of the decedent. The county court denied the motion. Its ruling was affirmed by the circuit court and appeal to this court followed.

In the absence of an appeal or contest within the statutory period, an order of the county court admitting a will to probate becomes final, conclusive and immune to collateral attack. SDC 35.0312. "Judgments admitting wills to probate are in the nature of judgments in rem, and while in force are conclusive, as to the due execution and validity of the will, upon all persons, upon all courts, and upon the 'whole world'." State v. Nieuwenhuis, 43 S.D. 198, 178 N.W. 976, 977.

However, a court has the inherent power to set aside a void judgment, or decree, at any stage of the porceedings where it affirmatively appears from the face of the record the court had no jurisdiction to make and enter such judgment or decree. Lessert v. Lessert, 64 S.D. 3, 263 N.W. 559. Such a judgment has often been referred to as "a dead limb upon the judicial tree". Moore v. Connecticut General Life Ins. Co., 71 S.D. 512, 26 N.W.2d 691, 693. It applies to a jurisdictional defect which cannot be legally justified or supported by the record on any hypothesis. An apt illustration is a patently void decree admitting an unsigned will to probate. In re Lyons' Estate, 79 N.D. 595, 58 N.W.2d 845.

In this case the appellant seeks to invoke the inherent power of the court to vacate its order admitting the will to probate. Her motion alleges the order to be void as it appears from the face of the will it was not attested at the end thereof as prescribed by SDC 56.0210. The single question presented, therefore, is whether or not the will

of Robert Protheroe is void on its face for want of due execution.

The admitted will consists of three pages attached together and designated as "Sheet 1", "Sheet 2", and "Sheet 3". All of the writing thereon is in the hand printing of the testator. The first page appears in the following form:

"Sheet 1

Dec. 15, 1954

"Last Will and Testament of

Robert Protheroe

"To Whom it may concern—

"In the event of my death from any cause what-so-ever, I hereby make the following disposition of my real and personal effects in accordance with the attached list of assets (made current by subsequent lists)

```
To  my  Sister  Robina  _____ 1.5%
To  my  Sister  Evelyn  _____ 1.5%
To  my  Sister  Joie  _____ 1.5%
To  Stanley  Sapp  (for  College)  _____ 4.0%
To  Harvey  Sapp  (for  College)  _____ 4.0%
To  my  Daughter  Frances  G.  Sapp.  _____ 5.0%
                                                         _____
                                                          17.5%
      "Funeral  Expenses                          As  required
```

"The cash balance and all my personal effects including—but not limited to—Stocks, Bonds, Auto, Cameras, and goods presently Stored at Martin Transfer Co. at Longview, Wn.—Together with Cash in Seattle, First National Bank— Bonds in Safety Deposit Box Rapid City National Bank and all personal Effects at Rapid City or any other Location where my headquarters may be—To become the sole Property of my Wife Bess K.Protheroe, whose present address is 629 Dakota Drive, Rapid City,—to use as she may elect for the best interests of herself and family.

"Mrs. Protheroe is hereby appointed Sole Executrix of my Estate, with full Powers of Attorney without Bond or other Legal Restraint What-so-ever.

"Signed

Robert Protheroe /s

Robert Protheroe /s

Dec 15 1954

"Witness:   Florence Pennell /s
      Date.      Dec. 15, 1954

 Witness:   Harvey J. Petersen /s
      Date.      Dec. 15, 1954

 Witness: G. E. Pennell /s
      Date.      Dec. 15, 1954"

"Sheet 2" contains a list of assets together with the testator's estimated valuations.   The valuations are totaled and subtotaled.   The list of assets is continued over onto "Sheet 3".   The testator's signature follows the written material on page 3. Above his signature appears the following notation:

"Note: Percentage Distributions Detailed on Sheet No. 1 are to apply only to 'Net Liquid Assets' carried in Trading account by Bache & Co.—and **not** to any other cash or personal Assets itemized herein."

There is no intimation from the record that the court treated the attached pages as an integrated holographic will.   Instead, the instrument was propounded and admitted as a formal will.   In doing so the county court apparently determined "Sheet 1" to be a completely and formally executed will and sheets "2" and "3" were incorporated therein by reference.   Therefore, we need only consider the possible application of that doctrine to the facts.

■■■   The doctrine of incorporation by reference is generally recognized.   For a discussion and collection of cases on the subject see the annotation in 144 A.L.R. 714 supplemented in 173 A.L.R. 568.   Also 1 Page on Wills (Lifetime Ed.) § 249, p. 497; 57 Am.Jur., Wills, § 233, p. 193.   The doctrine is stated in the case of Newton v. Seaman's Friend Society, 130 Mass. 91, 39 Am.Rep. 433, as follows:

"If a will, executed and witnessed as required by statute, incorporates in itself by reference any document

or paper not so executed and witnessed, whether the paper referred to be in the form of a will or codicil, or of a deed of indenture, or of a mere list or memorandum, the paper so referred to, if it was in existence at the time of the execution of the will, and is identified by clear and satisfactory proof as the paper referred to therein, takes effect as part of the will, and should be admitted" to probate as such."

Under this doctrine the extrinsic writing is incorporated into the testamentary instrument at the place of reference. Thus, it is constructively inserted before the subscription by the decedent and the subscribing witnesses. Tonnele v. Hall, 4 N.Y. 140.

A writing does not lose its extrinsic character by being attached to the will itself. It has been held that a codicil incorporates a will even though written on the same sheet of paper. In re Plumel's Estate, 151 Cal. 77, 90 P. 192; Johnson v. Johnson, Okl., 279 P.2d 928.

The extrinsic writings must be in existence at the time the will is executed. 57 Am.Jur., Wills, § 234, p. 194. This essential element is not lacking here. The three pages of the will were designated as "Sheet 1", "Sheet 2", and "Sheet 3" in the handwriting of the testator. "Sheet 1" is referred to in the note appearing on "Sheet 3". Also the testator signed both sheets 1 and 3 in the presence of the subscribing witnesses.

Furthermore, the mere reservation of the right to make the attached list of assets "current by subsequent lists" does not destroy this essential element. No changes in the attached lists were ever in fact made. The mere reservation of the right to alter or amend is not fatal. It is the actual exercise of the right after the will has been executed which is vital and controlling. Montgomery v. Blankenship. 217 Ark. 357, 230 S.W.2d 51; In re Snyder's Will, Sur., 125 N.Y.S.2d 459.

In admitting the will to probate the county court had jurisdiction over the parties and the subject matter. Its determination of what instruments comprised the will was an exercise of its proper judicial function.

"What documents go to make up a will must necessarily be determined in the first instance on application for probate; and determinations so made have the effect of judgments and become conclusive in the course of time." In re Salmonski's Estate, 38 Cal.2d 199, 238 P.2d 966, 971. A judgment or order is not void merely because it is erroneous and subject to be set aside by the court which rendered it or by reversal by a higher court in appellate proceedings. Calhoun v. Bryant, 28 S.D. 266, 133 N.W. 266, also see comment under Sec. 4 of the Restatement of the Law of Judgments. No jurisdictional defect having been shown the county court's order admitting the will to probate at most was voidable. It was not void. In the absence of an appeal or contest within the statutory period it became final and conclusive.

The order appealed from is affirmed.

All the Judges concur.