**Lenore Leann ADAM, Plaintiff and Appellee,**

v.

**Willie VAN BUREN, Defendant and Appellant.**

**No. 13253.**

Supreme Court of South Dakota.

Considered on Briefs April 21, 1981.

Decided Jan. 20, 1982.

Wally Eklund of Johnson, Johnson & Eklund, Gregory, for plaintiff and appellee.

Jack Gunvordahl of Gunvordahl & Gunvordahl, Burke, for defendant and appellant.

PER CURIAM.

This is an appeal from an order of the circuit court denying appellant's petition to vacate judgment. We affirm.

The plaintiff (appellee) brought an action against appellant to establish the paternity of her child and seeking payment of her maternity expenses and support for the child. SDCL ch. 25–8. Appellee was a resident of South Dakota and appellant a resident of Nebraska. After being personally served in Nebraska, appellant failed to answer. Upon appellee's affidavit and application for default the court entered a default judgment on April 29, 1978, granting her the relief she requested. On March 21, 1980, appellant served on appellee a petition to vacate the judgment. Appellant's affidavit in support of the petition stated that he was never served with process in South Dakota, and that the service in Nebraska was void and did not confer jurisdiction. Appellee's answering affidavit set out acts of sexual intercourse in South Dakota which gave rise to this paternity action. On this record the court denied appellant's petition.

■ Appellant contends that the court erred in dismissing the petition to vacate the judgment. He argues that because the complaint did not allege the acts of intercourse in South Dakota the court did not have jurisdiction. At the time appellee became pregnant, South Dakota's long-arm statute did not contain its present provisions with respect to jurisdiction for failure to support a child or conceiving a child by an act of intercourse in the state. SDCL 15–7–2(7) and (8) (added by 1978 Sess.L. ch. 146 §§ 1 and 2).[1] Nor did the circuit court at the time it denied appellant's petition have the benefit of *Johnson v. Kusel*, 298 N.W.2d 91 (S.D.1980). In *Johnson*, how-ever, we examined SDCL 15–7–4[2] and held that SDCL 15–7–2(7) and (8) are to be applied retroactively. A retroactive application of SDCL 15–7–2(8) subjects appellant to the jurisdiction of the court in "a cause of action under Chapter 25–8 with respect to a child who may have been conceived by [an] act of intercourse [in this state]." Consequently, the circuit court did not err in dismissing appellant's petition.

■ Once proper service of process is made and proof thereof filed, the court is authorized to enter a default judgment against a defendant when the record shows by affidavit of default that he has been served, but has failed to plead or otherwise defend the action within thirty days of service and that he is not an unrepresented infant or incompetent. SDCL 15–6–4(a), 55(a), and 55(b); see *Jacobs v. Tenney*, 316 F.Supp. 151 (D.Del.1970); *Yox v. Durgan*, 298 F.Supp. 1365 (E.D.Tenn.1969); *Illinois Trust and Savings Bank v. Town of Roscoe*, 46 S.D. 477, 194 N.W. 649 (1923); 10 C. Wright & A. Miller, Federal Practice & Procedure, § 2682 (1973). Though the record must affirmatively show the facts on which the court's jurisdiction over the person of the defendant is based before the court in some states may enter a judgment by default, there is no authority in South Dakota which imposes this requirement. See *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94 (Tex.1973) (facts must be proved which support substituted service on agent and forwarding by him); *Howard v. Preston*, 30 Wis.2d 663, 142 N.W.2d 178 (1966) (statutory requirement that before entering judgment by default proof of service be shown and that additional proof by affidavit be shown to the court "as justice may require"); *General Foods Corp. v. Morris*,

1. SDCL 15–7–2 now additionally provides:

Any person is subject to the jurisdiction of the courts of this state as to any cause of action arising from the doing personally, through any employee, or through an agent, of any of the following acts:

. . . . .

(7) Failure to support a minor child residing in South Dakota; or

(8) Having sexual intercourse in this state, which act creates a cause of action under chapter 25–8 with respect to a child who may have been conceived by that act of intercourse.

2. SDCL 15–7–4 provides:

The provisions of § 15–7·1 to 15–7–3, inclusive, shall apply to causes of action arising before enactment hereof.

49 N.C.App. 541, 272 S.E.2d 17 (1980) (statutory requirement that court shall require proof by affidavit of any fact needed to establish grounds for personal jurisdiction). At the time this default judgment was entered there was nothing in the record to affirmatively show that the court lacked jurisdiction and that the judgment was void. *See State v. Cochrane*, 84 S.D. 527, 173 N.W.2d 495 (1970); *Sapp v. Protheroe*, 77 S.D. 72, 85 N.W.2d 505 (1957); *In re Shafer's Estate*, 50 S.D. 232, 209 N.W. 355 (1926). "Where the record is silent as to jurisdiction the presumption is in favor of the jurisdiction of a court of general jurisdiction to render a judgment." *Highway Commission v. Fortune*, 77 S.D. 302, 307, 91 N.W.2d 675, 679 (1958). Absent any affirmative proof in the record that the circuit court did not have jurisdiction and with the proper proof of service before it, the court properly presumed that it had jurisdiction to enter a default judgment.

■■ The subsequent motion to vacate was accompanied by an affidavit reciting only that appellant was served in Nebraska and not South Dakota. Nothing improper about this service was shown. SDCL 15–6–4(c), 4(d), 15–7–3. Though the evidentiary facts which subjected appellant to the jurisdiction of the court under SDCL 15–7–2 were not before the court at the time judgment by default was entered, such facts were in the record at the time the motion to vacate was heard. The failure of the record to contain the facts which subjected appellant to the jurisdiction of the court was a mere irregularity which did not affect appellant's substantial rights. *See Burton v. Cooley*, 22 S.D. 515, 118 N.W. 1028 (1908). Appellant's affidavit in support of his motion did not set out any circumstances to justify relief from the judgment. SDCL 15–6–60(b). Appellant proved no fact to rebut the jurisdictional facts proved by appellee; appellant proved nothing which would defeat the jurisdiction of the court and make the judgment void. Cf. *Kromer v. Sullivan*, 88 S.D. 567, 225 N.W.2d 591 (1975). The facts supported the jurisdiction of the court and it was not error to deny the motion to vacate judgment.

The order is affirmed.