**ROSEBUD FEDERAL CREDIT UNION,**
Plaintiff and Appellant,

v.

**MATHIS IMPLEMENT, INC.,**
Defendant and Appellee.

No. 18451.

Supreme Court of South Dakota.

Considered on Briefs Feb. 15, 1994.

Decided April 20, 1994.

Donald E. Covey, Winner, for plaintiff and appellant.

Mathis Implement, Inc., pro se appellee.

SABERS, Justice.

Rosebud Federal Credit Union (Rosebud) commenced an action against Mathis Implement, Inc. (Corporation) by serving a Summons and a Complaint upon Corporation's registered agent, Richard Mathis (Mathis).[1]

Mathis signed and filed a pleading entitled "Special Appearance for the Limited Purpose of Answer, Motion to Dismiss and Constructive Notice and Demand." Typed beneath Mathis' signature was "Mathis Implement by Richard Mathis PO Box 571 Winner, SD 57580." The pleading stated:

> COMES NOW the above named party of interest, Mathis Implement and submits an answer to the purported complaint and appears by Special Appearance for the Limited Purpose Of making a Motion To Dismiss and to give Constructive Notice and Demand to the purported plaintiffs, et al.

The pleading is then divided into segments entitled Answer, Motion to Dismiss, Facts, and Constructive Notice and Demand.

Rosebud filed a Motion to Strike Answer, Motion to Dismiss and Motion for Default Judgment. According to the Affidavit in Support of Motion for Default Judgment:

> 2. The Summons and Complaint were served upon the Defendant more than thirty days prior to the date of this Affidavit. Since the date of service no appearance or responsive pleading has been made or served on behalf of Mathis Implement, Inc., a South Dakota corporation, other than the purported pleadings served with the name of Richard L. Mathis for Mathis Implement, Inc.
>
> 3. At the hearing on the Motion for Default Judgment, Plaintiff's evidence will prove up the allegations of the Complaint.

Mathis filed an Affidavit and an additional Answer and Motion to Dismiss. According to Mathis' Affidavit, he has a personal interest in the matter and as such, is authorized to proceed and defend his individual interests.

A Motions Hearing was held on August 11, 1993. The trial court denied Mathis' Motion to Dismiss and Rosebud's Motion for Default Judgment. According to the court's Findings of Fact, Mathis filed an answer on behalf of Corporation within the 30 days al-

---

1. Apparently, Corporation is a Subchapter S corporation for tax purposes. Mathis is secretary-treasurer of Corporation and owner of 50% of Corporation's stock. Doyle Mathis owns the oth- er 50% of Corporation's stock. The record does not indicate who is president and vice-president of Corporation.

lowed by the Summons and Complaint. Rosebud filed a Petition for Permission to Take Discretionary Appeal, which was granted.

■ Rosebud argues on appeal that because Mathis is not an attorney, licensed to practice law in the State of South Dakota, he may not appear for, represent, and defend Corporation in any phase of litigation in the courts of record in South Dakota. A review of the Motions Hearing, however, indicates that this issue is not before this court because Mathis did not appear for, represent, or defend Corporation, nor does he desire to do so. The Motions Hearing transcript provides in part as follows:

> THE COURT: All right. Appearing for Mathis Implement, this must be Richard and Doyle?
>
> RICHARD MATHIS: Your Honor, I want to make this plain. I am not appearing for Mathis Implement, Inc. I am appearing for my interest in the Corporation which is Sub–Chapter S Corporation. I am appearing for my interest.
>
> THE COURT: You are a stockholder?
>
> RICHARD MATHIS: Yes.
>
> DOYLE MATHIS: And I am just a bystander.
>
> THE COURT: Okay, then is there anyone appearing for Mathis Implement?
>
> RICHARD MATHIS: Not that I know of.
>
> . . . .
>
> MR. COVEY: Is the Court's intention that Mr. Mathis may represent the corporation in the jury trial?
>
> THE COURT: I don't know, I've got to think about that because certainly you have got a technical point there. Mr. Mathis, are you going to hire a lawyer?
>
> RICHARD MATHIS: At this time I am not going to disclose.

2. No one is listed as appearing for Defendant on the cover page to the transcript of the Motions Hearing.

3. SDCL 15–6–24(a) provides in part:

    Upon timely application anyone shall be permitted to intervene in an action:

      . . . .

> THE COURT: How do you intend to represent the corporation?
>
> RICHARD MATHIS: I'm not representing the corporation, I'm representing myself. And that's a Sub–Chapter S Corporation. I'm totally liable for everything and the Sub–Chapter S reverts back to personal liability. If I am personally liable for it, I should be able to speak for it.
>
> . . . .
>
> THE COURT: Well, and he doesn't hold himself out as a lawyer, but I think he can get an answer filed. Now, whether or not he can actually defend the corporation as a stockholder, Mr. Mathis, how much of a share of stock do you own?
>
> RICHARD MATHIS: Fifty percent.
>
> THE COURT: Who owns the other fifty?
>
> RICHARD MATHIS: Doyle does.
>
> THE COURT: Who is going to represent his half?
>
> RICHARD MATHIS: Ask him.
>
> THE COURT: Doyle?
>
> DOYLE MATHIS: Well, I might hire somebody, I don't know yet. We'll come to that when we cross the bridge.

■ Clearly, Mathis did not represent Corporation at the Motions Hearing,[2] nor is he willing to do so at trial. Rather, he appeared for, represented, and defended *himself* and *his* interests in Corporation as a 50% stockholder, even though he was not a named defendant. The trial court was clearly erroneous in finding that Mathis filed an answer or appeared on behalf of Corporation. Further, the trial court seemed to permit Mathis to appear as a party without any application for intervention under SDCL 15–6–24(a).[3] This was also error.

■ Under SDCL 15–6–4(a), 15–6–55(a), and 15–6–55(b) "[o]nce proper service of process is made and proof thereof filed, the

(2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

court is authorized to enter a default judgment against a defendant when the record shows by affidavit of default that [defendant] has been served, but has failed to plead or otherwise defend the action within thirty days of service[.]" *Adam v. Van Buren*, 315 N.W.2d 319, 320 (S.D.1982). Corporation failed to answer or defend within thirty days of service upon its registered agent, Mathis, and Rosebud filed the necessary Affidavit in Support of Motion for Default Judgment. The trial court's Order denying Rosebud's Motion for Default Judgment is reversed. No additional matters are properly before this court at this time.

WUEST, J., concurs.

MILLER, C.J., and HENDERSON and AMUNDSON, JJ., concur specially.

MILLER, Chief Justice (concurring specially).

I agree the circuit court's order denying Rosebud's motion for default judgment should be reversed, but write specially to assert that in South Dakota an individual who is not a licensed attorney may not appear pro se to represent a corporation of which he is a director, officer or shareholder.

In spite of protestations he was not representing Mathis Implement, Inc., Richard Mathis was neither a named defendant nor had he been made a party through intervention under SDCL 15–6–24(a).[1] Mathis' interest at the hearing was as a shareholder of fifty percent of the stock of the corporation of which he is the registered agent. He was attempting to defend that corporate interest by professing he was representing only himself and appearing pro se. Where Richard Mathis accepted the benefits of corporate status in South Dakota, he also accepted the burdens, including the need to hire counsel to represent the corporation in court.

The overwhelming majority of jurisdictions have determined that in legal proceedings a corporation may be represented only by a licensed attorney. *Osborn v. Bank of United States*, 22 U.S. 738, 9 Wheat 738, 6 L.Ed. 205 (1824); *Hawkeye Bank and Trust v. Baugh*, 463 N.W.2d 22 (Iowa 1990); *Nicollet Restoration, Inc. v. Turnham*, 486 N.W.2d 753 (Minn.1992); Jay M. Zitter, Annotation, *Propriety and Effect of Corporation's Appearance Pro Se Through Agent Who is Not Attorney*, 8 A.L.R. 5th 653 (1992).[2] The prohibition against individual directors, officers or shareholder representing a corporation in court also applies to subchapter S corporations. *Contemporary Systems Design v. Commissioner of Jobs and Training*, 431 N.W.2d 133 (Minn.App.1988).

The prohibition is rooted in the common law. "At common law 'a plea by a corporation aggregate, which is incapable of a personal appearance, must purport to be by attorney.'" *Strong Delivery Ministry Ass'n v. Board of Appeals of Cook Cnty.*, 543 F.2d 32, 33 (7th Cir.1976) (quoting 1 Chitty On Pleading 550 (12th Am.Ed.1855)); *Oahu Plumbing & Sheet Metal v. Kona Const.*, 60 Haw. 372, 590 P.2d 570, 573 (1979); *Cary & Co. v. F.E. Satterlee & Co.*, 166 Minn. 507, 208 N.W. 408, 409 (1926).

The rules of the common law are in force in South Dakota except where they conflict with the constitution or have been abrogated by legislative action. *McKellips v. Mackintosh*, 475 N.W.2d 926 (S.D.1991); *Hunt v. Hunt*, 309 N.W.2d 818 (S.D.1981). South Dakota has no constitutional provision or statute giving an individual stockholder the right to appear pro se to represent a corpo-

1. Generally, officers and shareholders of a corporation are improper codefendants unless they "are distinctly or individually liable as participants in wrongdoing or a breach of duties." 9A WILLIAM M. FLETCHER, FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 4474 (perm. ed. rev. vol. 1991); *see also Baatz v. Arrow Bar*, 452 N.W.2d 138 (S.D.1990) (discussing factors to "pierce the corporate veil"); *A.G. Edwards & Sons v. Northwest Realty Co.*, 340 N.W.2d 187 (S.D.1983) (stating corporation is simply a corporate vehicle for conducting sole shareholder's business affairs); *Mobridge Community Indus., Inc. v. Toure, Ltd.*, 273 N.W.2d 128 (S.D.1978) (stating a corporation shall be considered a separate legal entity until there is sufficient reason to the contrary).

2. A few jurisdictions have found narrow exceptions to the general rule for specialized proceedings such as small claims court, administrative proceedings, bankruptcy and child protection proceedings. None of those exceptions is applicable here.

ration in which he is a shareholder. Therefore, the common-law rule that only a duly licensed counsel may represent a corporation is in force in South Dakota.

I am authorized to state that Justices HENDERSON and AMUNDSON join in this special concurrence.