E. L. HOLYOKE, EXECUTOR, APPELLANT, V. MARY IDA SIPP ET AL., APPELLEES.

FILED OCTOBER 18, 1906. No. 14,399.

Wills: EXECUTION: PROBATE. A presumption of the due execution of a will arises from the presence of an attestation clause which recites the facts necessary to the validity of the will, and, in the absence of evidence discrediting the statements, the will should be admitted to probate.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. Reversed.

Talbot & Allen, for appellant.

A. S. Tibbets and John S. Bishop, contra.

DUFFIE, C.

E. L. Holyoke, the executor named in a paper purporting to be the last will and testament of William Robertson, has appealed from an order of the district court for Lancaster county refusing to admit the will to probate. John Krummack and W. J. Adamson were the subscribing witnesses. The testator and subscribing witnesses were employed in the freight house of the Burlington & Missouri River Railway Company at Lincoln. The witnesses testified that Robertson brought the paper to them there and requested their signatures. It does not appear that the witnesses were employed in the same room, and neither can testify that they subscribed their names in each other's presence. This, under our statute, is immaterial. *Dewey v. Dewey,* 1 Met. (Mass.) 349; 1 Jarman, Wills (5th ed.), p. 209. Their testimony is also lacking in certainty as to whether the testator declared that the paper on which he desired their signatures was his last will and testament, but we are satisfied that from previous conversations with him both the witnesses understood that it was his last will and testament, and that they were requested to attest it as such. This we think not fatal in view of the attestation clause attached, and the same may be said of the failure of the witnesses to remember with certainty whether the will was signed by the testator when the same was signed and attested by them. The attestation clause attached to the will is in the following language: "Signed and acknowledged by the above testator in the presence of us present and in the presence of each other subscribe our names this 21st day of April, 1900, A. D. at Lincoln, Neb. U. S. A. John Krummack, Jr., William J. Adamson."

It clearly appears from the evidence that the testator wrote his own will, and this probably accounts for the fact that the attestation clause is not as full and formal as in general use, but it states with certainty that the will was signed by the testator in the presence of the wit-

nesses, and acknowledged by him, and that their names were subscribed in his presence. These are the essential requirements under our statute to the making of a valid will. See Ann. St., sec. 4992. There being no satisfactory evidence discrediting the facts set out in the attestation clause of the will, the force and effect to be given its recitals are thus stated in 1 Underhill, Law of Wills, sec. 201: "Where one or more of the witnesses are absent, the will may be admitted to probate upon the presumption of regularity arising from a perfect and formal attestation clause which recites that all statutory requirements were complied with, supplemented by proof of the handwriting of the testator and of that of the absent witnesses. So, when the subscribing witnesses are present at the probate and admit the genuineness of their signatures, but deny or are unable to recollect some or all of the facts which were attendant upon the execution, so that one or both of them are unable or unwilling to testify with positiveness and of their own knowledge that all the requirements of the statute were complied with, a presumption of due and proper execution will arise from the recitals of a perfect attestation clause, which becomes conclusive in the absence of satisfactory proof to the contrary." Numerous cases are cited by the author supporting this rule.

We recommend a reversal of the judgment of the district court and that the cause be remanded for further proceedings.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.