CENTRAL LUMBER COMPANY, Appellant, v. BRAUN et al., Respondents.

(148 N. W. 843.)

**1. Judgments—Default Judgment—Unauthorized Stipulation—Proof of Claim, Necessity of—Statute.**

A default judgment, entered solely upon the strength of a stipulation by unauthorized counsel, and without proof of plaintiff's claim, should be vacated; Code Civ. Proc., Sec. 237, subd. 2.

**2. Same—Setting Aside of—Validity—Statute, and Court Rule— Abuse of Discretion.**

Under Circuit Court Rule 11, and Code Civ. Proc., Sec. 151, authorizing relief from a default judgment, upon terms and in court's discretion, held, that an order of trial court setting aside a default judgment against defendants, who believed that plaintiff's claim, which was against third parties also, had been satisfied, and that the appearance of the moving defendants would be unnecessary, was not an abuse of discretion.

(Opinion filed October 6, 1914.)

Appeal from Circuit Court, Edmunds County. Hon. Joseph H. Bottum, Judge.

Action by the Central Lumber Company, a corporation, against Henry Braun, the Loyalton State Bank and another, to recover for building material and for foreclosure of a mechanic's lien. From an order setting aside a default judgment and permitting the two last-named defendants to come in and defend, plaintiff appeals. Affirmed.

*Corrigan & Darling,* for Appellants.

No brief on behalf of Respondent.

(1) Under point one of the opinion, Appellant cited:

Black on Judgments (2nd Ed.) Sec. 325; Denton v. Noyes (N. Y.) 5 Am. Dec. 237; Bunton v. Lyford, 37 N. H. 512, 75 Am. Dec. 144; 15 Ency. Pl. & Pr. 238; 2 Ency. Pl. & Pr. 685.

(2) Under point two:

Whittaker v. Warren, 14 S. D. 611, 619.

POLLEY, J.   This is an appeal from an order setting aside a judgment and permitting certain of the defendants to come in and defend.   The action was brought to recover a balance of $625.29 claimed to be due for building material used in the construction of certain buildings, owned by defendants Braun and the Loyalton State Bank, in the town of Loyalton, and to foreclose a mechanic's lien that had been filed against said buildings and the ground upon which they stood.

The summons and complaint were served on the three defendants, respectively, on the 27th, 28th, and 29th days of March, 1913.   On the 24th day of April, 1913, Amos N. Goodman, appearing as attorney for defendants, served upon plaintiff's attorney what purported to be a joint answer for defendants Braun and the Loyalton State Bank, and a separate answer for the defendant Shenkberg Company.   The case was noticed for trial at the next succeeding term of court, which was to commence on the 20th day of the following month.   A few days prior to the last-mentioned date, the respective attorneys for plaintiff and defendant made and filed a written stipulation, in which they stipulated the amount still due upon said lien to be $500; that the same might be paid in two payments of $250 each, on the 15th day of September and October, 1913, respectively; that the cause might be passed upon the calendar of the May, 1913, term of court; and that it should be dismissed and the lien satisfied of record upon the payment of said sums of money and the costs of the action.   But it was also agreed that, if either of said sums were not paid on the dates agreed upon, the whole amount should at once be due and payable, and that judgment for the same, and also foreclosing said lien, might be entered by the court without further notice to either of the defendants.

Neither of the payments mentioned in the stipulation was made, and no further proceedings were had, until the 3d day of December, 1913, when counsel for plaintiff served notice upon the attorney, who had served the said answers for defendants, that he would apply to the court on the 15th day of said month for judgment according to the terms of said stipulation.   The matter was presented to the court in chambers in Faulk county, by counsel for plaintiff at the time named in said notice, but without appearance for any of the defendants, and judgment was entered upon said

stipulation against the defendants Braun and Loyalton State Bank for the said sum of $500, with interest, and the costs of the action, and also foreclosing the said mechanic's lien as against all of the defendants. No steps were taken to enforce the said judgment, and on the 30th day of January, 1914, defendants Loyalton State Bank and the Shenkberg Company applied to the court for an order setting aside and vacating the said judgment and permitting said defendants to come in and defend the action. This motion was based upon the following grounds, as stated in the application:

"(1) That said judgment is based upon a certain alleged stipulation, a part of the files in this case, and, for purposes of brevity, made a part of this motion by reference, and that said stipulation was entered into without authority of either of the moving defendants herein. (2) That said purported judgment recites that the same was had upon notice to these moving defendants, when, and as a matter of fact, no notice pertaining to said judgment was given to either of these defendants, either in person or to any attorney authorized to appear for them, or either of them. (3) That said purported judgment was obtained by fraud upon this court and these defendants. (4) That said purported judgment is inequitable and unjust to these moving defendants. (5) That the defendants have, and each of them, a good, valid, and meritorious defense to the whole of plaintiff's claim. (6) That attached to and made a part of this motion are the separate answers of these moving defendants, which these defendants ask leave of the court upon the reopening of this matter to file herein on their behalf. (7) That there is now pending in this court a certain cause of action wherein C. Shenkberg Company is plaintiff and the Loyalton State Bank, Henry Braun, and the Central Lumber Company are defendants. That all of the parties to said action are within the jurisdiction of this court and are prepared for the trial of said cause. That all of the matters which can or could be litigated in this cause of action can, could, and should be decided in the said cause of action."

On the hearing, affidavits made by certain of the officers of the bank and of the Shenkberg Company, and also by the said Goodman, were read in support of the motion. By these affidavits it is established, beyond a doubt, that Goodman was never em-

ployed by either of the moving defendants nor authorized to enter an appearance for either of them in any manner whatever. On the other hand, it does appear that he was employed by said Braun to appear for all of the defendants, and that what he did was done in perfect good faith and under the belief that he was authorized to act for all of the defendants, and that there was no fraud practiced upon either of the defendants nor upon the court.

Each of the moving defendants filed an affidavit of merits, accompanied by a proper answer, and, upon a full hearing, the court entered an order whereby the judgment was set aside and canceled. Defendants' default was opened up, and their proposed answers allowed to be filed. From this order, plaintiff appeals.

[1] By repudiating the appearance of the attorney Goodman, the defendants have eliminated the necessity of considering the effect of any of his acts, and the case must stand, up to the time of the filing of the application to set aside the judgment, on the 30th day of January, 1913, as though no appearance of any kind had been made up to that time.

Being without authority to represent these defendants, the stipulation he had signed was not binding upon them and must be entirely disregarded. This left these defendants wholly in default, and plaintiff had the right, at any time after the expiration of 30 days after the service of summons, to have submitted his proofs to the court and taken judgment for the relief to which his proofs entitled him. It appears, however, that the judgment was entered wholly upon the strength of the said stipulation, and that no proofs were taken. In the absence of any proofs, the court was without authority to enter the judgment, and the same was properly vacated upon the showing made. Subdivision 2, § 237, Code Civ. Proc.

[2] It then became a question of permitting the defendants to answer after the expiration of the time allowed for that purpose. Under the provisions of section 151, Code Civ. Proc., and circuit court rule 11, this may be done, upon a proper showing to the trial court. It appeared, from the affidavits read on behalf of the moving parties, that they had been led to believe, and did believe, that the plaintiff's claim, so far as it affected their rights, had been satisfied, and that an appearance in the case by them would be unnecessary. Whether this was a sufficient excuse for

their failure to answer is a question that is left wholly to the trial court; and, in the absence of any apparent abuse of discretion on the part of the trial court, its conclusions will not be reviewed by this court.

No such abuse of discretion has been shown, and the order appealed from is affirmed.