FORMAN, Respondent, v. HALL, Appellant.

(212 N. W. 866.)

(File No. 5932. Opinion filed April 1, 1927.)

1. **Courts—Judgments—Municipal Court Cannot Render Judgment Without Proof Against Defendant Who Has Answered, and Court Should Vacate Such Judgment on Motion (Rev. Code 1919, § 2485).**

   Municipal court has no jurisdiction to enter, without evidence, default judgment against defendant who has filed general denial, and judgment should be vacated on defendant's application, under Rev. Code 1919, § 2485, providing that when not otherwise provided the court shall ascertain the amount to which plaintiff is entitled by examination under oath or other proof.

2. **Judgment—Proceeding in Same Action Held "Direct Attack," and Presumption that Judgment Within Court's Jurisdiction Was Supported by Evidence Did Not Apply.**

   General rule that court is presumed to have had before it evidence sufficient to warrant a judgment within its jurisdiction, and that judgment cannot be assailed collaterally, does not apply to judgment debtor's attack on the judgment in the same action.

---

Note.— See, Headnote **(1)**, American Key-Numbered Digest, Courts, Key-No. 189(15), 15 C. J. Sec. 418; **(2)** Judgment, Key-No. 518, 34 C. J. Secs. 567, 827.

Appeal from Municipal Court of Sioux Falls; HON. RANSOM L. GIBBS, Judge.

Action by Jake Forman against Mary Hall. From an order denying defendant's application for relief from a judgment, the defendant appeals. Order reversed. ·

*Johnson & Simons,* of Sioux Falls, for Appellant.

*Peck & Wall,* of Sioux Falls, for Respondent.

POLLEY, J.  This is an appeal from an order denying defendant's application for relief from a judgment entered as by default against her in the municipal court of the city of Sioux Falls.

[1]   Plaintiff served a verified complaint, praying the judgment against defendant in the sum of $165.  Defendant for answer interposed a general denial.  The case was placed on the calendar for trial, and after some delay was brought on for trial by plaintiff's counsel in the absence of both defendant and her counsel.  The court proceeded as though no answer had ever been served, and without any evidence of any kind entered judgment for plaintiff for the amount asked for in his complaint.  In entering judgment without any proof of the allegations in the complaint, the court exceeded its jurisdiction, and the judgment should have been vacated on defendant's application.  It is only in cases where no answer has been interposed that judgment may be entered by default.  Section 2485, R. C.

"Where there is an answer on file setting up a valid defense, the fact that the defendant fails to appear either in person or by attorney when the case is reached for trial does not entitle plaintiff to a judgment, without proof of the facts constituting his cause of action, unless the facts admitted by the answer make out a prima facie case in his favor.  The facts not thus admitted must be established by proof."  First National Bank v. Sutton Merc. Co., 77 Neb. 596, 110 N. W. 306.

And again where an answer has been interposed the entry of judgment without taking proof is reversible error and not a mere irregularity.  Strong v. Comer et al, 48 Minn. 66, 50 N. W. 936.

[2]   We are not unmindful of the general rule invoked by respondent that when a court of competent jurisdiction has rendered a judgment in relation to a matter within its jurisdiction, the presumption arises that the court had before it sufficient evidence to warrant the entry of such judgment, and that such judgment cannot be assailed on a collateral attack.  But this rule has no application in this case, for this is a direct attack in the very action in which the judgment was entered.

The order appealed from is reversed.

CAMPBELL, P. J., and BURCH, J., concur.

GATES and SHERWOOD, JJ., not sitting.