EMERSON-BRANTINGHAM IMPLEMENT CO., Respondent, v. OLSON, Appellant.

(227 N. W. 567.)

(File No. 6703. Opinion filed November 26, 1929.)

*H. Van Ruschen,* of Salem, for Appellant.

*A. J. Keith,* of Sioux Falls, for Respondent.

MISER, C.   Respondent corporation sued appellant, Olson, for money claimed to be due.   Appellant's answer was a general denial and an allegation of payment.   On the preliminary call of the calendar, counsel, who had drafted appellant's answer and upon whom notice of trial had been served, informed the court that he appeared no further in the case.   Four days thereafter, without any proof being submitted, judgment as asked in the complaint was signed by the court.   The judgment contained the following recital:

"It appearing to the court that issue has been joined in the above entitled matter, and was on trial at the regular term * * * *and the said court having been informed by the attorneys for the defendant that they did not intend to contest said action, and that they would allow judgment to be taken by default*: now therefore. * * *"

Appellant moved to vacate this judgment on the ground that no proof had been submitted of the allegations of the complaint which had been denied by the answer.   Appellant claimed that respondent could not have proven a debt in excess of $2,000 and interest, whereas the judgment was for $7,978.25.   This appeal is from the order denying the motion to vacate.

Appellant's counsel denied that, at the call of the calendar, or at any time, he informed the court that he did not intend to contest the action or that he would allow judgment to be taken by default. Respondent's counsel was not present at the call of the calendar. In announcing to respective counsel the denial of appellant's motion to vacate this judgment, the trial judge stated that he was of the opinion that he would not have signed the judgment had there not been consent to judgment or a withdrawal of the answer.

However, there is no conflict in the evidence that appellant's counsel was without authority to represent appellant at the preliminary call of the calendar.   He had been employed by appellant to represent him in proceedings to obtain a change of venue and to prepare and serve his answer.   When note of issue and notice of trial were served upon appellant's counsel, he communicated with appellant, and, by agreement with appellant, his employment as his attorney therein ceased.   This is made to appear by the affidavit of counsel and by the affidavit of appellant himself, and is uncontradicted.

If, then, the attorney who had formerly represented appellant

consented at the preliminary call that judgment might be taken against his former client or withdrew his answer, he did an act which he was entirely without authority to do, an act which he denies having done and which no one positively asserts he did. Being without authority to do more than to announce his withdrawal from the case, which is all he claims to have done, his former client, appellant herein, was not bound by such unauthorized act, if he withdrew the answer or consented to judgment by default. Central Lumber Co. v. Braun, 34 S. D. 395, 148 N. W. 843.

There being, therefore, no authorized consent to judgment nor authorized withdrawal of defendant's answer, judgment could not properly be entered by default. Section 2485, Rev. Code 1919; Forman v. Hall, 51 S. D. 144, 212 N. W. 866; Central Lumber Co. v. Braun, supra.

The order denying motion to vacate the judgment should be and is reversed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.