IN RE ESTATE OF MARY E. SMITH.
R. A. SCOTT, APPELLANT, V. HENRY IMEL ET AL., APPELLEES.

FILED APRIL 15, 1936.   NO. 29553.

*Beeler, Crosby & Baskins,* for appellant.

*J. T. Keefe* and *Harold E. Coates, contra.*

*Monsky, Grodinsky, Marer & Cohen,* for Father Flanagan's Boys' Home.

*Courtright, Sidner, Lee & Gunderson,* for Midland College.

*Floyd M. Lundberg,* for Swedish Lutheran Mission.

*Caldwell & Burns,* for Sioux Falls College.

*George B. Dent, Jr.,* for Mary Beasley *et al.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

Good, J.

This proceeding originated in the county court of Lincoln county, seeking admission to probate of an instrument purporting to be the last will and testament of Mary E. Smith, deceased. Certain of the heirs at law of Mrs. Smith filed objections to the probate of the instrument on the ground that it was not executed with the formality required by statute; that it was procured by undue influence, and that Mrs. Smith was incompetent at the time to make a will. The proceeding in the county court resulted in the admission of the instrument to probate. The heirs at law, hereinafter called contestants, appealed to the district court, where the cause was tried upon the same issues as presented in the county court, and resulted in a verdict finding generally that the instrument was not the last will of Mrs. Smith, and, to special interrogatories, the jury answered, first, that the will was not attested in the manner required by statute, and, second, that it was procured by undue influence. Proponent has appealed.

There is a voluminous record of the proceedings in the district court, the greater part of which relates to the question of undue influence alleged to have been practiced upon Mrs. Smith to induce the making of the will. The conclusion which we have reached renders it necessary to consider only the question of the due execution of the will.

The instrument purports to have been signed by Mary E. Smith in the presence of Mary F. Yates and S. G. Aden. There is an attesting clause above the signatures of the witnesses which recites all of the facts necessary to the legal execution of the will. However, Mrs. Yates testified as a witness that she was called to the home of Mrs. Smith on the evening of June 10, 1933, and when she arrived Mrs. Smith and Mr. Scott were there, sitting at the dining-room table conversing; that very shortly thereafter Mr. Aden came in; that Mr. Scott took the instrument and presented it to her with a request to sign at a particular place; that Mrs. Yates did so; that no announcement was made that the instrument was the will of Mrs. Smith, or anything of that

kind, in her presence; that Mrs. Smith did not sign the instrument in her presence, and that she did not see the signature of Mrs. Smith on the instrument until after Mrs. Smith's death. She testified that Mrs. Smith made no statement as to what the instrument was; that after she signed it it was passed either to Mr. Aden or to Mr. Scott; that she did not know what it was that she was signing; that she did not read the instrument, and did not read the attesting clause. She did state, however, that after she and Mr. Aden signed the instrument Mr. Scott said something in a low tone, but that she did not hear or understand what he said, although her hearing was all right. Aden, the other witness, testified that Mrs. Smith did not sign the instrument in his presence; nor did he see her signature on the instrument until after her death; that Mrs. Smith made no statement as to what the instrument was, but that after the witnesses had appended their signatures Mr. Scott inquired of Mrs. Smith if that was her last will and she nodded her head. Do these facts show the due execution of the will?

Section 30-205, Comp. St. 1929, in part reads: "No will made within this state * * * shall be effectual to pass any estate, whether real or personal, nor to change (charge), or in any way affect the same, unless it be in writing, and signed by the testator, or by some person in his presence, and by his express direction, and attested and subscribed in the presence of the testator by two or more competent witnesses."

The word "attested," as used in the quoted language of the statute, has received judicial construction in many of the courts and by text-writers. In *Elston v. Price,* 210 Ala. 579, 98 So. 573, it was held: "The essential thing in attestation of a will is that attestor by his signature shall affirm that testator executed the will in his presence; attestation consisting in the witness seeing that the things required by the statute exist and are done."

"The word 'attested,' under all of the authorities, carries the idea both of mental and mechanical act, and, as between it and 'subscription,' it is the more comprehensive term, and

includes the latter." *International Trust Co. v. Anthony,* 45 Col. 474, 101 Pac. 781. "The attestation required of witnesses consists in their seeing that those things exist and are done which the statutes require to exist or be done in order to make the instrument in law the will of the testator." 68 C. J. 673. The word "attestation" is defined in Bouvier's Law Dictionary as the act of witnessing an instrument in writing at the request of the party making the same and as subscribing as a witness.

In *Luper v. Werts,* 19 Or. 122, 23 Pac. 850, it was held: "To prove the attestation of the will, it must be shown that the witnesses who subscribed their names to it did so at the request of the testator; that they saw him sign it, heard him acknowledge it, or observed acts which unmistakably indicated that he had signed it. The acknowledgment, however, cannot be inferred from mere silence." See, also, *White & Co. v. Magarahan,* 87 Ga. 217, 13 S. E. 509.

The state of Minnesota has a statute, regarding the execution of wills, almost identical with that of Nebraska. In *Tobin v. Haack,* 79 Minn. 101, 81 N. W. 758, that court held: "A last will and testament must be signed by the testator in the presence of the subscribing witnesses, or, if not so signed, the testator must acknowledge to such witnesses that the signature thereto attached is his, or in some other way clearly and unequivocally indicate to them that the will about to be signed by them as witnesses is his last will, and has been signed by him." It is also a rule that statutory provisions, regarding the manner in which wills must be executed, are generally held to be "mandatory and subject to strict construction, and if not complied with, the will is void and inoperative." 68 C. J. 672.

Applying the rules to the situation disclosed by the evidence, the instrument appears not to have been attested by two witnesses, as required by the statute. Mrs. Yates and Mr. Aden, the supposed attesting witnesses, both testified that Mrs. Smith did not sign the instrument in their presence; nor did they see her signature attached thereto; nor did she make any statement that her signature was attached

thereto; and they had no knowledge that her signature was attached until after her death. Since the statute required the instrument to be attested by two disinterested witnesses, and it appears not to have been attested by either of the witnesses, and since there was no request on the part of Mrs. Smith that the witnesses sign their names as subscribing and attesting witnesses, clearly, we think, the will was not attested in the manner required by the statute.

Proponent cites and relies upon the case of *Holyoke v. Sipp,* 77 Neb. 394, 109 N. W. 506, and *Spier v. Spier,* 99 Neb. 853, 157 N. W. 1014. In the first case cited it was held: "A presumption of the due execution of a will arises from the presence of an attestation clause which recites the facts necessary to the validity of the will, and, in the absence of evidence discrediting the statements, the will should be admitted to probate." In the body of the opinion, quoting from Underhill, Law of Wills, it was said (p. 396) : "When the subscribing witnesses are present at the probate and admit the genuineness of their signatures, but deny or are unable to recollect some or all of the facts which were attendant upon the execution, so that one or both of them are unable or unwilling to testify with positiveness and of their own knowledge that all the requirements of the statute were complied with, a presumption of due and proper execution will arise from the recitals of a perfect attestation clause."

We think that these cases are not applicable to the situation disclosed by the record. In the case before us, both of the subscribing witnesses said positively that the instrument was not signed in their presence by the testatrix; that they did not see her signature at that time, or until long afterwards; and one of the attesting witnesses testified positively that she had no knowledge or information as to the nature of the instrument to which her name was attached; nor was there any request from Mrs. Smith that she sign the instrument as an attesting witness to her will.

If in this case the subscribing witnesses had testified that they could not remember or did not know what occurred at the time of the supposed execution of the will, the

presumption of due execution would arise from the perfect attesting clause above their signatures, but this presumption disappears when the positive evidence of the subscribing witnesses is to the effect that the facts, necessary to constitute due execution of the will, did not occur. The evidence in the record is insufficient to support a finding that the instrument was duly executed as a will. The trial court would have been justified in directing a verdict for the contestants upon that ground alone.

The conclusion reached upon the question of the execution of the will makes it unnecessary to consider other questions presented in the briefs.

Since the instrument proposed as the will of Mrs. Smith was not executed in the manner required by statute, it follows that error, if any, committed by the trial court in its instructions to the jury or rulings on evidence, relating to undue influence, could not have been prejudicial to proponent. Judgment

AFFIRMED.