IN RE ESTATE OF OLLIE E. CAGLE.
FRANK G. MELCHERT, APPELLANT, V. ALDEN MERLE CAGLE
ET AL., APPELLEES.

270 N. W. 664

FILED JANUARY 5, 1937. NO. 29789.

*Leamy & Leamy*, for appellant.

*Spillman & Ptak*, contra.

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and RAPER, District Judge.

RAPER, District Judge.

This is an appeal from a judgment disallowing the probate of the purported will of Ollie E. Cagle, deceased.

Ollie E. Cagle, a resident of Pierce county, Nebraska, became ill in April, 1935, and went to a hospital in Sioux City, Iowa, on April 27, and returned home next day. On April 29, 1935, at Pierce, Nebraska, after his return home, he wrote and signed in a small red memorandum book the

writing which was offered as his last will. On May 9 following he returned to the hospital in Sioux City, where he remained until his death on June 4, 1935, which occurred at 11:10 a. m. on that date. The principal part of his estate was his home in Pierce and a ranch in Pierce county of about 1,400 acres. It appears without dispute that the nurse in the hospital, who had the care of Mr. Cagle, first saw the memorandum book when he handed it to her about two hours before his death. He said the book contained what was to be his last will and she was to give it to Mr. Leamy (his attorney) when he arrived at the hospital, in case Mr. Leamy did not get to Mr. Cagle's bedside before he died, and to ask Mr. Leamy to take care of it. Mr. Leamy, who had been notified earlier in the day that Mr. Cagle wanted to see him, arrived at the hospital about noon, one or two hours after the death of Mr. Cagle. The nurse gave the red memorandum book to Mr. Leamy after he arrived. Mr. Leamy asked the nurse to sign her name on a page in the book so she could identify it, which the nurse did. Then on the same page Mary J. Leamy and M. H. Leamy wrote their names, and below their names wrote "witnesses to the foregoing will of O. E. Cagle." This was done after Mr. Cagle's death. Nobody saw Mr. Cagle write the instrument or sign his name; he did not request any one to witness his will. No witnesses signed the paper writing in his presence.

Section 30-205, Comp. St. 1929, provides: "No will made within this state, except nuncupative * * * shall be effectual to pass any estate, whether real or personal, nor to change, or in any way affect the same, unless it be in writing, and signed by the testator, or by some person in his presence, and by his express direction, and attested and subscribed in the presence of the testator by two or more competent witnesses."

In *In re Estate of Smith*, 130 Neb. 739, 266 N. W. 611, this court held: "Statutory provisions regarding the manner in which wills must be executed are generally held to be mandatory and subject to strict construction, and if not substantially complied with, the will is inoperative."

The opinion in that case sets forth clearly the principles applicable to the statutory requirements necessary to the valid execution of wills in our state, and further citation of authorities and discussion is unnecessary.

The proposed will in this case is clearly lacking in the essential acts required by the statute, and the trial court's judgment in refusing probate of the same is

AFFIRMED.