In re Estate of John Bucy, deceased.  Clarence E. Bucy et al., Appellees, v. Jessie Hieber et al., Appellants.
34 N. W. 2d 265

Filed October 15, 1948.  No. 32430.

*A. D. Raun, C. O. Stauffer,* and *Keith Hopewell,* for appellants.

*H. R. Ellenberger,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is an appeal by Jessie Hieber and others, contestants and appellants, from a judgment of the district court for Burt County, Nebraska, admitting to probate the last will and testament of John Bucy, deceased. Clarence E. Bucy and others are proponents and appellees.

The objectors filed objections to the probate of the will on the grounds, among others, that at the time of the execution of the will offered for probate John Bucy was not possessed of sufficient mental or physical capacity to make a will; that he was mentally incompetent to understand, realize, or appreciate what disposition he had made or was making of his affairs and did not comprehend or understand its meaning or effect; and that the instrument is not the last will and testament of the said John Bucy.

The other objections found no support in evidence or by presumption in the district court hence they were not considered there and in consequence require no consideration in this opinion.

A jury was duly impaneled to try the issues presented by the objectors after which the proponents produced the will, had it identified, and called the two attesting witnesses to the will who testified to the facts and circumstances surrounding the signing and witnessing of the will. They and each of them testified to many years of acquaintanceship with the testator and of frequent contacts with and observations of him over the years down to and including the date the will was executed. Under appropriate questioning they gave it as their opinion that within the purview of legal requirements and exactions the testator was capable of making a valid will. They testified that the testator signed the will in their presence and that they signed the will at the request of the testator in his presence and in the presence of each other. The foundation for or the competency of this testimony is not brought into question on this appeal. The will had appended the usual attestation clause signed by the witnesses.

At the conclusion of this testimony the proponents rested their case whereupon the objectors moved for a directed verdict in their favor on the ground that the proponents had failed to prove that the will offered and received in evidence was the last will and testament of

John Bucy, deceased, and on the further ground that the proponents had failed to prove a prima facie case by competent evidence, that is that they had failed to prove that at the time the will was executed the testator knew the nature of the act he was performing, that he knew the nature, extent, location, and value of his property, that he knew the natural objects of his bounty, and that he knew the effect of the instrument signed by him.

Thereafter, with leave of court, the proponents withdrew their rest and adduced additional evidence. They called a licensed and practicing physician who had frequently attended the testator and who in the light of appropriate questioning gave it as his opinion that the testator had sufficient mental capacity to make a valid will. The competency of this evidence or of the witness to give testimony is not brought into question.

The proponents again rested whereupon the objectors renewed their motion for a directed verdict.

The motion was overruled. The objectors adduced no evidence and announced to the court that they were standing on their motion for a directed verdict.

Thereupon the proponents moved for a directed verdict in their behalf or in the alternative that the jury be discharged and that judgment be entered admitting the will to probate. This motion was sustained. The jury was discharged and judgment rendered as prayed by proponents.

It is from this judgment that the objectors have appealed. As grounds for reversal they assert that the district court erred in finding and decreeing that the instrument in controversy was the last will and testament of John Bucy, deceased, and that the district court erred in not sustaining contestants' objections to the said purported will.

There being no evidence on behalf of objectors the sole question for determination is that of whether or not the evidence of proponents is sufficient within the meaning of established legal principles as proof that the instru-

ment in question is the last will and testament of John Bucy, deceased.

The evidence of proponents has already been summarized and reviewed herein and it will therefore not be repeated.

The following rules are applicable to the situation described in this case:

"A presumption of the due execution of a will arises from the presence of an attestation clause which recites the facts necessary to the validity of the will, and, in the absence of evidence discrediting the statements, the will should be admitted to probate." Holyoke v. Sipp, 77 Neb. 394, 109 N. W. 506.

"Where a prima facie case is made as to testamentary capacity and ability of deceased to transact ordinary business, and contestant offers no evidence touching the testamentary capacity of deceased, then such proof, in this respect, on part of proponent of will is sufficient." In re Estate of Wotke, 133 Neb. 739, 277 N. W. 45.

Where in a will contest the proponent has made a prima facie case that the testator was mentally competent to make a will, the contestant must produce sufficient evidence to support a contrary finding by a jury, otherwise there is no disputed question of fact to submit to a jury. In re Estate of Thomason, 144 Neb. 300, 13 N. W. 2d 141.

"In the contest of a will on the ground of mental incompetency of the testator the trial court should withdraw the issue from the jury and direct a verdict for the proponent where the evidence is insufficient to support a finding of testamentary incapacity." In re Estate of Thomason, *supra*.

From the record as outlined and analyzed in the light of these legal principles it becomes clear that the district court did not err in dismissing the jury and admitting the will of John Bucy, deceased, to probate.

The judgment of the district court is affirmed.

AFFIRMED.