IN RE ESTATE OF HARLAN H. FLICKER, DECEASED.
HELEN NEWILL ET AL., APPELLEES, V. MICHAEL H.
FLICKER ET AL., PERSONAL REPRESENTATIVES OF THE
ESTATE OF HARLAN H. FLICKER, DECEASED,
APPELLANTS.

339 N.W.2d 914

Filed November 4, 1983.  No. 81-867.

Ronald J. Palagi, for appellants.

Clarence E. Mock of Johnson and Mock, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The personal representatives of the estate of Harlan H. Flicker appeal from a judgment entered upon a jury verdict in a will contest in which the will was declared valid.  The dispositive issue in this court is whether the will was properly executed.  We determine that it was not.

Harlan Flicker signed the will in the presence of two witnesses on August 15, 1979.  He died on September 8, 1979.  The witnesses signed the document in December 1979.

Neb. Rev. Stat. § 30-2327 (Reissue 1979) is part of the Nebraska Probate Code adopted in 1974. It states that, except for certain wills, "every will is required to be in writing signed by the testator or in the testator's name by some other individual in the testator's presence and by his direction, and is required to be signed by at least two individuals each of whom witnessed either the signing or the testator's acknowledgment of the signature or of the will."

Section 30-2327 changed prior Nebraska law requiring witnesses to sign in the presence of the testator. See, *In re Estate of Cagle*, 132 Neb. 47, 270 N.W. 664 (1937); Neb. Rev. Stat. § 30-204 (Reissue 1964). The comment to § 30-2327 states: "The formalities for execution of a witnessed will have been reduced to a minimum. . . . There is no requirement that . . . the witnesses sign in the presence of the testator . . . ." Further, § 30-2327 allows the witnesses to sign after the date of execution by the testator. See *In re Estate of Kavcic*, 341 So. 2d 278 (Fla. App. 1977), construing a similar statute. Thus, under § 30-2327, the witnesses could have signed the will out of the testator's presence and at a date after he signed the will.

The more difficult question is whether under § 30-2327 the witnesses must sign the will prior to the testator's death.

Section 30-2327 has its counterpart in U.P.C. § 2-502 (1983). We find no cases on point from any jurisdiction construing § 2-502 as applied to the facts here. In a Florida case not involving the Uniform Probate Code, *In re Leo's Will*, 12 Fla. Supp. 61 (Fla. Dade Co. Cir. Ct. 1958), a circuit judge reversed an order denying probate of a will which witnesses signed 24 hours after its execution, and after the testator's death. Like § 30-2327, the statute involved there did not require the witnesses to sign the will in the presence of the testator. The circuit judge reasoned that wills should be upheld unless some mandatory provi-

sion of the law has been violated. The Neb. Prob. Man. ch. II pt. 5(A)(2)(2.1) at 2-1 (1976), states that "in the extreme case, presumably each witness could sign the will as a witness after the testator had died," but cites no authority for that proposition.

The statute does not specifically require signing by witnesses prior to death, and a respectable argument can be made that since the requirement of attestation (witnessing) is purely statutory, *In re Estate of Aden*, 134 Neb. 810, 279 N.W. 794 (1938), a requirement of signing by witnesses prior to the testator's death should not be read into it. We also note that the legislative intent of § 30-2327 "is to validate wills which meet the minimal formalities of the statute." Comment to § 30-2327.

Notwithstanding these arguments, we construe § 30-2327 to require that the witnesses to a will must sign it before the testator's death. A line must be drawn, and we believe that it is unreasonable to follow the alternative of permitting witnesses to sign a will at any time after the testator's death and prior to the 3-year statute of limitations for probate or testacy proceedings in Neb. Rev. Stat. § 30-2408 (Reissue 1979). As a practical matter, we can think of no good reason for a delay in signing by witnesses until after the testator's death. Permitting witnesses to sign a will after the death of a testator would erode the efficacy of the witnessing requirement as a safeguard against fraud or mistake. We must bear in mind that we are dealing with an instrument allegedly signed or acknowledged by a man who is now dead. He is not present to confirm or reject it. Requiring completion of formalities of execution prior to death is likely to minimize miscarriages of justice.

Collaterally involved in this case is Neb. Rev. Stat. § 30-2430 (Reissue 1979), which reads in pertinent part: "(a) If evidence concerning execution of an attested will which is not self-proved is necessary in contested cases, the testimony of at least one of the

attesting witnesses, if within the state competent and able to testify, is required. *Due execution of an attested or unattested will may be proved by other evidence.*" (Emphasis supplied.)

The proponents argue that the highlighted phrase creates yet another class of will that may be proved and accepted for probate, an unattested will which is not a holographic will. The construction is strained, and is rejected. Section 30-2327 defines the formalities of a valid will, while § 30-2430 is obviously a procedural statute defining evidence that may be introduced to prove an otherwise valid will. We will not by fiat add another category of valid wills to those defined by the Legislature.

We reverse with instructions to enter judgment ordering that the will be denied probate.

REVERSED WITH DIRECTIONS.